622 So.2d 479 (1993)
Garland P. PARLIER, et Ux., et al., Appellants,
v.
EAGLE-PICHER INDUSTRIES, INC., et al., Appellees.
Nos. 91-18 to 91-20, 91-22 to 91-28 and 91-30.
District Court of Appeal of Florida, Fifth District.
May 28, 1993.
Opinion Granting Rehearing August 20, 1993.
Patrice A. Talisman and David B. Pakula, of Robles & Gonzales, and Daniels & Talisman, P.A., Miami, for appellants.
Robert A. Hannah and Henry W. Jewett, II of Hannah, Marsee, Beik & Voght, Orlando, for appellee, Owens-Illinois, Inc.
Timothy Clark of Law Office of Timothy Clark, Miami, Ronnie H. Walker of Ronnie H. Walker, P.A., Orlando, for appellee, U.S. Mineral Products Co.
Jonathan C. Hollingshead and Susan B. Collingwood of Fisher, Rushmer, Werrenrath, Keiner, Wack & Dickson, P.A., Orlando, for appellee, W.R. Grace & Co.
Wendy F. Lumish and Amy M. Uber of Rumberger, Kirk, Caldwell, Cabaniss, Burke & Wechsler, Miami, for appellee, Foster Wheeler Corp.
M. Stephen Smith and Marie P. Montefusco of Rumberger, Kirk, Caldwell, Cabaniss, *480 Burke & Wechsler, Miami, for appellee, Anchor Packing Co.
James E. Tribble of Blackwell & Walker, P.A., Miami, for appellee, Owens-Corning Fiberglass Corp.
Louise H. McMurray, Stephens, Lynn, Klein & McNicholas, P.A., of Louise H. McMurray, P.A., Miami, and Susan J. Cole, of Blair & Cole, P.A., Coral Gables, for appellees Pittsburgh Corning Corp., Fibreboard Corp. and Keene Corp.
No Appearance for appellee, Eagle-Picher.

ON REMAND FROM THE SUPREME COURT
HARRIS, Judge.
In accordance with W.R. Grace & Co.  Connecticut v. Parlier, 614 So.2d 500 (Fla. 1993), this cause is remanded to the circuit court for further proceedings consistent therewith, including consideration of whether some of appellees waived reliance on the 120 day rule in Florida Rule of Civil Procedure 1.070(j) by failing to raise the defense in their responsive pleadings or motions.
REMANDED for further proceedings.
GRIFFIN, J., and POUND, F.R. Jr., Associate Judge, concur.

ON MOTION FOR REHEARING
HARRIS, Chief Judge.
This matter originally came before us as an appeal from various cases consolidated under the above heading. The issue, quite simply, was whether the 120-day service of process requirement (Rule 1.070(j)) applied to cases filed before the effective date of the new rule.
We held that it did not. We were wrong.
Because we focused on the more narrow issue of the applicability of the rule to the various cases, we did not address the waiver issues also argued in the briefs. On remand, the supreme court directed that "the district court ... remand for further proceedings" consistent with their opinion. The court also noted the argument raised by respondents on appeal (plaintiffs below) was that some of the defendants below had waived reliance on the 120-day rule by failing to raise the defense in their responsive pleadings or motions. We ordered the cause remanded to the circuit court.
Two of the defendants (W.R. Grace & Co. and Owens-Corning Fiberglass Corporation) have moved for rehearing, arguing that this court must now rule on the issue formerly before us but not addressed  whether the issue of failure to raise the 120-day service defense was preserved for appeal despite the fact that the plaintiffs never raised the issue below. It is the defendants' position that since the plaintiffs failed to raise the issue of the defendants' failure to raise the 120-day defense below, they may not raise such procedural error on appeal. Because we believe that this "waiver of the waiver" issue deserves discussion, we grant the rehearing.
Although not argued before the trial court, plaintiffs asserted in their brief:
Eleven appellees waived any objection or defense based on Rule 1.070(j) by failing to raise the issue in their initial responsive pleadings or motions.
Defendants respond in their brief by stating that:
Appellants failed to raise in the lower court the waiver issue which they now attempt to raise for the first time on appeal. [Defendants] never had the opportunity or need to correct the problem by motion it could have made in the trial court. Accordingly, this cause presents a classic example of why an appellant is required to preserve an issue in the trial court as a prerequisite to raising it on appeal.
Plaintiffs counter this argument by urging that the trial court could not, as a matter of law, permit the original response to be amended to include the 120-day service defense because, by the time of the amendment, defendants had already submitted themselves to the jurisdiction of the court.
*481 There is a general rule of appellate review, based on practical necessity and fairness to the opposing party and the trial judge, that issues not timely raised below will not be considered on appeal. Schweigel v. State, 382 So.2d 868 (Fla. 5th DCA 1980). The rule applies to issues of procedural irregularities (Commodore Plaza at Century 21, etc. v. Cohen, 350 So.2d 502 (Fla. 3d DCA 1977), cert. denied, 362 So.2d 1051 (Fla. 1978)) as well as the presentation and proof of affirmative defenses. Dober v. Worrell, 401 So.2d 1322 (Fla. 1981).
Plaintiffs concede that they did not urge the trial court that some of the defendants were estopped to assert the 120-day rule because of their failure to properly raise the issue. They cannot now assert another reason on appeal for a ruling in their favor not raised before the trial judge. Rezzarday v. West Florida Hospital, 462 So.2d 470 (Fla. 1st DCA 1984).
This cause, therefore, is remanded to the trial court for reentry of its order dismissing these actions.
REMANDED for further proceedings.
GRIFFIN, J., and POUND, F.R. Jr., Associate Judge, concur.