PER CURIAM.
Randall Hill and Bunker Hill Investments, Inc. d/b/a RE/MAX Prestige Properties, Inc. (hereinafter “appellants”) appeal a trial court order granting Elena Bluntzer’s (hereinafter “Bluntzer”) motion to compel arbitration. For the following reasons, we reverse.
On April 4, 1996, Bluntzer filed this action seeking damages against the appellants on grounds of fraud, promissory estoppel and quantum meruit.[1] Bluntzer’s complaint al *902 leged that the appellants defrauded her of a real estate commission she earned while she was employed by the appellants. On April 14.1996, the appellants filed motions to compel arbitration of Bluntzer’s claim. On July 22.1996, Bluntzer submitted her own arbitration claim to Geoffrey Hill of RE/MAX of Florida.[2] Although the appellants set their motion to compel arbitration twice on the court’s motion calendar, each time the hearing was cancelled. The appellants, shortly after the cancellation of the second hearing, served a notice of hearing for motions to dismiss and to strike Bluntzer’s complaint for failure to state a cause of action. On August 22,1996,the court denied these motions finding that the complaint did state a cause of action. After the court ruled on the motions, the appellants served Bluntzer with a notice for the taking of her deposition.
On August 28, 1996, Bluntzer filed a motion for a protective order with the trial court and a motion to compel arbitration. The hearing for Bluntzer’s motions was set for September 5,1996. Shortly before the hearing began, the parties entered into negotiations which resulted in an agreed order between the parties. The terms of the agreed order were: (1) the plaintiffs motion to compel arbitration was withdrawn; (2) the plaintiff was granted leave to file an amended complaint within 20 days of the order; and, (3) the motion for protective order, as to the deposition of the plaintiff, was deemed to be moot by reason of the withdrawal of the motion to compel arbitration.
On September 26, 1996, however, Bluntzer called Mr. Vinnie Tracy, Senior Vice-President of RE/MAX International, requesting his help in arbitrating the dispute. Shortly thereafter, Bluntzer filed a renewed motion to compel arbitration with the court. On ' November 5,1996, the trial court heard argument from the respective parties regarding the motion. On November 20, 1996, the trial court granted Bluntzer’s motion, and ordered the parties into arbitration.
The issue that we must decide is whether or not the trial court erred in ordering the parties into arbitration. The agreed order entered into between Bluntzer and the appellants required Bluntzer to withdraw her motion to compel arbitration and granted her twenty days leave to file an amended complaint. The fact that the second paragraph of the agreed order gave leave to the plaintiff to file a complaint for damages demonstrates that the parties waived their right to arbitration, since the filing of a complaint would be inconsistent with an intent to arbitrate. See Phillips v. General Acc. Ins. Co., 685 So.2d 27 (Fla. 3d DCA 1996); Bonner v. RCC Assocs., Inc., 679 So.2d 794 (Fla. 3d DCA 1996) (holding that contractor waived right to arbitrate by filing complaint and notice of lis pendens). At various times during the proceedings below, particularly in connection with the agreed order described above, all of the parties herein have participated in the litigation, thereby clearly waiving their right to proceed in arbitration.
Therefore, we reverse the order under review and remand this cause to the trial court for further proceedings consistent herewith.
Reversed and remanded.

. Bluntzer is a real estate salesperson working within the RE/MAX of Florida, Inc. system. RE/ MAX Prestige Properties, Inc. is a RE/MAX franchisee under RE/MAX of Florida with offices in Miami, Florida. RE/MAX Prestige is owned by Hill, a real estate broker.

. Geoffrey Hill is the administrator, of arbitration procedure for RE/MAX of Florida.