751 So.2d 121 (2000)
PARTY YARDS, INC., Peter Dorney and Andrew Baron, Appellants,
v.
Gary TEMPLETON, Appellee.
No. 5D99-297.
District Court of Appeal of Florida, Fifth District.
January 7, 2000.
Rehearing Denied February 4, 2000.
*122 James S. Grodin and Michael D. Crosbie, of Foley & Lardner, Orlando, for Appellants.
Kathryn B. Hoeck and Virginia B. Townes, of Akerman, Senterfitt & Eidson, P.A., Orlando, for Appellee.
W. SHARP, J.
Party Yards, Inc., Pete Dorney and Andrew Baron (hereinafter "Party Yards") appeal an order granting Templeton's motion to stay litigation and denying their motion to stay arbitration. They contend it was error for the trial court not to first determine whether the contract was illegal under the usury statutes. We agree and reverse.
Party Yard designs, creates, produces and markets beverage containers with logos or other advertisement-type information printed on them. During the fall of 1996, they entered into a contract with Miller Brewing Company to produce beverage containers. Miller wanted prompt production and shipment of the products for the 1997 Super Bowl. Party Yards sought to borrow in excess of $200,000 for production costs and expenses in connection with this contract. They initially obtained a $100,000 loan, but sought a second lenderTempletonfor the remainder of the funds needed.
Templeton offered to lend Party Yards $160,000, and this offer was ultimately accepted. The contract, which contained three subparts, was executed on December 18, 1996. The subparts include a promissory note, a security agreement, and a representation agreement (collectively referred to as the contract).[1] The $160,000 was lent in three installments, and Party Yards repaid the principal in April of 1997. In addition to any interest provided for in the note (18% if the note was not paid by its due date, March 18, 1997), Templeton received, inter alia, "commissions" on the gross revenue of all of Party Yards products (not just the products sold or marketed by him), plus a percentage of the gross invoice price. Party Yards was required to continue to pay these sums for twenty years after Templeton's death to his heirs. Templeton was not required to render any services or perform any acts on Party Yards' behalf in order to receive these "commissions."
Because Templeton's sole obligation under the contract was the $160,000 loan, the interest and additional "commissions," may well render the contract usurious. In Florida, contracts for payment of interest exceeding eighteen percent per annum are usurious. § 687.02(1).[2] An unlawful rate of interest exists when a person reserves, charges, or takes, directly or indirectly, a rate of interest exceeding that amount:
[B]y way of commission for advances, discounts, or exchange, or by any contract, contrivance, or device whatever whereby the debtor is required or obligated to pay a sum of money greater than the actual principal sum received, together with interest at the rate of the equivalent of 18 percent per annum simple interest. (Emphasis added)
§ 687.03(1), Fla. Stat.
In usury cases, courts look to substance over form because the purpose *123 of the statute is to protect the needy borrower by penalizing the unconscionable lender. Jersey Palm-Gross v. Paper, 639 So.2d 664 (Fla. 4th DCA 1994), approved, 658 So.2d 531 (Fla.1995); Bermil Corp. v. Sawyer, 353 So.2d 579 (Fla. 3d DCA 1977). To establish that a transaction is usurious, the party must show: (1) an express or implied loan; (2) a repayment requirement; (3) an agreement to pay interest in excess of the legal rate; and (4) a corrupt intent to take more than the legal rate for the use of the money loaned. Antonelli v. Neumann, 537 So.2d 1027, 1028 (Fla. 3d DCA 1988). Corrupt intent is established if the evidence indicates that the lender knowingly charged or received excessive interest, considering all of the surrounding circumstances. Antonelli at 1029.
The contract in this case contained an arbitration provision. When the motions were heard below, the court determined that the Federal Arbitration Act (the FAA), Title 9 U.S.C. § 2, which governs the enforcement of arbitration provisions, was applicable.[3] The court also concluded it must order arbitration, based on Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967). But see First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995).
The issue here, one of first impression, is whether a contract that violates state law and is criminal in nature, can be referred to arbitration. We find that the trial court's reliance on Prima Paint was misplaced because that case is inapplicable under the facts presented here. In this case, the language in the arbitration provision of the contract is not broad enough to encompass a usury violation. The arbitration provision contained in this contract provides that:

[A]ny controversy arising under this Agreement shall be submitted to arbitration, with three (3) Arbitrators presiding, before the American Arbitration Association in New York, New York, in accordance with its rules, and judgment confirming the Arbitrator's award may be entered in any court of competent jurisdiction. (emphasis supplied)
As a matter of law, a usury violation does not arise under an agreement. Rather it arises under state statutory law. A claim that a contract is illegal and, as in this case, criminal in nature, is not a matter which can be determined by an arbitrator. An arbitrator cannot order a party to perform an illegal act. See Hill v. Norfolk & W.Ry. Co., 814 F.2d 1192, 1195 (7th Cir.1987). Further, the FAA puts arbitration clauses on an equal footing with other clauses in a contract. See Paladino v. Avnet Computer Technologies, Inc., 134 F.3d 1054, 1060 (11th Cir.1998)(Florida law), citing Allied-Bruce Terminix Cos., Inc. v. Dobson, 513 U.S. 265, 275, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995). It does not put such clauses above state law or other contractual provisions.
A court's failure to first determine whether the contract violates Florida's usury laws could breathe life into a contract that not only violates state law, but also is criminal in nature, by use of an arbitration provision. This would lead to an absurd result. Legal authorities from the earliest time have unanimously held that no court will lend its assistance in any way towards carrying out the terms of an illegal contract. McMullen v. Hoffman, 174 U.S. 639, 19 S.Ct. 839, 43 L.Ed. 1117 (1899). Illegal promises will not be enforced in cases controlled by federal law. Kaiser Steel Corp. v. Mullins, 455 U.S. 72, 102 S.Ct. 851, 70 L.Ed.2d 833 (1982).
A party who alleges and offers colorable evidence that a contract is illegal cannot be compelled to arbitrate the threshold issue of the existence of the agreement to arbitrate; only a court can *124 make that determination. Three Valleys Mun. Water Dist. v. E.F. Hutton & Co., Inc., 925 F.2d 1136, 1140-1141 (9th Cir. 1991). See also Camping Const. Co. v. Dist. Council of Iron Workers, 915 F.2d 1333, 1340 (9th Cir.1990); National R.R. Passenger Corp. v. Boston & Maine Corp., 850 F.2d 756, 761 (D.C.Cir.1988); I.S. Joseph Co. v. Michigan Sugar Co., 803 F.2d 396, 399 (8th Cir.1986). Where the facts alleged by the plaintiff are sufficient to put the making of a lawful agreement at issue, the trial court must determine the validity of the agreement before compelling a party to submit to arbitration. Chastain v. Robinson-Humphrey Co., Inc., 957 F.2d 851, 854, 855 (11th Cir.1992).[4]
In this case, Party Yards submitted sufficient evidence below to warrant the court's resolution of whether the contract was illegal based upon violation of Florida's usury statutes.
We therefore REVERSE and REMAND to the trial court for such determination.
PETERSON and THOMPSON, JJ., concur.
NOTES
[1] It is apparent that these three "agreements" are in reality one contract, and we treat them as such in this appeal.
[2] Interest exceeding 25% is criminal usury. § 687.071(2) and (3). Charging interest between 25% and 40% constitutes a misdemeanor. § 687.071(2). A third degree felony occurs when a loan shark or shylock charges interest exceeding 45%. § 687.071(3). Section 687.146 provides that any contract which violates the chapter is a felony of the third degree.
[3] The FAA is applicable in state as well as federal courts. Southland Corp. v. Keating, 465 U.S. 1, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984). Where interstate commerce is involved, the U.S. Arbitration Act is applicable. Butcher & Singer, Inc. v. Frisch, 433 So.2d 1360 (Fla. 4th DCA 1983).
[4] See also Bruce's Juices v. American Can Co., 330 U.S. 743, 67 S.Ct. 1015, 91 L.Ed. 1219 (1947); Powertel, Inc. v. Bexley, 743 So.2d 570 (Fla. 1st DCA 1999)(arbitration clause can be defeated on any defense existing under the state law of contracts).