758 So.2d 1143 (2000)
FastFUNDING THE COMPANY, INC., Appellant,
v.
Wendy BETTS, etc., et al., Appellees.
No. 5D99-2639.
District Court of Appeal of Florida, Fifth District.
March 31, 2000.
John A. Boudet of Greenberg Traurig, P.A., Orlando, and Arthur J. England, Jr., and Brenda K. Supple of Greenberg Traurig, P.A., Miami, for Appellant.
E. Clayton Yates of Law Offices of E. Clayton Yates, Fort Pierce, and John R. Newcomer and Christopher C. Casper of James, Hoyer, Newcomer, Forizs & Smiljanich, P.A., Tampa, Richard A. Fisher of Logan, Thompson, Miller, Bilbo, Thompson & Fisher, P.C., Cleveland, TN, Jack L. Block of Sachnoff & Weaver, Ltd., Chicago, IL, and R. Kevin Fisher of Law Offices of R. Kevin Fisher, Los Angeles, CA, for Appellees.
ANTOON, Chief Judge.
FastFunding The Company, Inc. appeals the trial court's order denying its motion to compel arbitration or, alternatively, to dismiss the complaint filed by Wendy Betts. We affirm.
Ms. Betts' complaint alleged that she began doing business with FastFunding because she needed money to pay personal bills. To obtain three $100 checks from FastFunding, Ms. Betts gave FastFunding three personal checks, each in the amount of $125. FastFunding agreed to hold Ms. Betts' checks until Ms. Betts' next payday. Ms. Betts had the option of redeeming her checks on the date her loan became due or renewing her loan by writing three new $125 checks. During an eight month period, Ms. Betts rolled over her debt every two to three weeks, eventually incurring $900 in interest for the use of the principal amount of $300. When she became unable to pay the $75 necessary to roll the debt over once more, FastFunding deposited Ms. Betts' checks. After the checks were returned for insufficient funds, FastFunding demanded payment from Ms. Betts. Ms. Betts responded to the demand by filing suit.
*1144 The complaint alleged that FastFunding, "under the guise of a payment instrument sale," compelled her to pay unconscionable, usurious interest rates on her loan. The complaint advanced counts for violations of Chapter 687, Florida Statutes, entitled "Interest and Usury; Lending Practices," the Florida Consumer Finance Act,[1] and the Florida Deceptive and Unfair Trade Practices Act,[2] and also set forth a claim of fraud. In response to the suit, FastFunding moved to compel the parties to arbitrate the dispute pursuant to the arbitration clause of the contract and alternatively asked the trial court to dismiss Ms. Betts' complaint. The trial court found that the arbitration clause was unenforceable as a contract of adhesion in the context of a consumer lending transaction. The court cited the extreme disparity in bargaining power between the parties and the language of the arbitration clause itself as supporting the conclusion that enforcement of the arbitration clause would be unconscionable as a matter of public policy.
Although the trial court did not have the benefit of this court's opinion in Party Yards, Inc. v. Templeton, 751 So.2d 121 (Fla. 5th DCA 2000), at the time of its ruling, the trial court's analysis is consistent with that decision. In Party Yards, Inc., this court held that where a party alleges and offers colorable evidence that a contract violates usury laws, the trial court must determine the usury question before ordering the parties to arbitration because only trial courts can determine a contract's legality. This court noted that "[a] claim that a contract is illegal and ... criminal in nature[] is not a matter which can be determined by an arbitrator. An arbitrator cannot order a party to perform an illegal act." Id. If Ms. Betts is correct in her complaint that the contract violates the usury laws, then the contract is illegal and an arbitrator could not require Ms. Betts to perform under the contract. Pursuant to Party Yards, Inc., the trial court was correct in refusing to order the parties to arbitrate Ms. Betts' claims.
Accordingly, we affirm the trial court's denial of FastFunding's motion to compel arbitration and alternatively to dismiss the complaint, and we remand for further proceedings.
AFFIRMED.
W. SHARP, J., concurs.
DAUKSCH, J., concurs and concurs specially, with opinion.
DAUKSCH, J., concurring and concurring specially.
I fully concur with the majority opinion and as appellate courts often recommend the enactment of legislation, I suggest that in this case. I also suggest the attorney general may be interested.
NOTES
[1] Ch. 516, Fla. Stat. (1999).
[2] §§ 501.201-.213, Fla. Stat. (1999).