852 So.2d 353 (2003)
FASTFUNDING THE COMPANY, INC., Appellant,
v.
Wendy BETTS, Appellee.
No. 5D02-1482.
District Court of Appeal of Florida, Fifth District.
August 15, 2003.
John A. Boudet and Lisa Harris of Greenberg Traurig, P.A., Orlando and Susan Verbonitz (Pro Hac Vice) of Weir & Partners, LLP, Philadelphia, PA, for Appellant.
E. Clayton Yates of Law Office of E. Clayton Yates, P.A., Fort Pierce and Christopher C. Casper of James, Hoyer, Newcomer, & Smiljanich, P.A., Tampa, for Appellee.
PETERSON, J.
FastFunding The Company, Inc., appeals an order of the trial court finding that its sales of payment instruments pursuant to Part II of Chapter 560, Florida Statutes, were loans that incurred usurious interest rates in violation of Florida's usury laws.
This is the parties' second appearance before this court. In their first appearance, FastFunding appealed the trial court's order denying its motion to compel arbitration or, alternatively, to dismiss the *354 complaint filed by Wendy Betts. Fast-Funding The Company, Inc. v. Betts, 758 So.2d 1143 (Fla. 5th DCA 2000) (Fast-Funding I). The FastFunding I court found the trial court's analysis to be consistent with this court's opinion in Party Yards, Inc. v. Templeton, 751 So.2d 121 (Fla. 5th DCA 2000). In Party Yards, Inc., this court held that where a party alleges and offers colorable evidence that a contract violates Florida's usury laws, the trial court must determine the usury question before ordering the parties to arbitration because only trial courts can determine a contract's legality. The Fast-Funding I court then opined that "[i]f Ms. Betts is correct in her complaint that the contract violates the usury laws, then the contract is illegal and an arbitrator could not require Ms. Betts to perform under the contract." FastFunding interpreted this to mean that on remand the trial court should hold a hearing for the purpose of determining whether the deferred presentment transactions in question constituted loans, and if the transactions did constitute loans, whether they violated Florida's usury laws. On remand, the lower court found that the transactions in question constituted loans, and that FastFunding's charges were usurious. Accordingly, the lower court once again denied FastFunding's motion to compel arbitration.
While this case was on remand, Betts was involved in another case which also came before this court.[1]Betts v. Ace Cash Express, Inc., 827 So.2d 294 (Fla. 5th DCA 2002) (hereinafter "Ace Cash Express"). In Ace Cash Express, Betts appealed an order dismissing with prejudice her amended class action complaint against Ace Cash Express, Inc., et. al. Betts contended that the trial court erred by finding that the deferred presentment transactions were legally permitted as a check cashing activity authorized by section 560.309(4)(c), Florida Statutes, and that the transactions did not violate Florida's usury laws. The Ace Cash Express court determined that the deferred presentment transactions allowed by Florida Statute Chapter 560 constituted transactions and were not loans that violated Florida's usury laws. Id. at 297.
The trial court in the instant case did not have the benefit of this court's opinion in Ace Cash Express when it rendered its order. FastFunding contends that the trial court should be reversed in light of the Ace Cash Express decision. Betts agrees that FastFunding's transactions complied with the requirements of Chapter 560, but contends that the transactions are still violative of Florida's usury laws.
The transactions in this case differed slightly from those in Ace Cash Express. After the initial transaction in which three $125 checks were exchanged for three FastFunding checks in the amount of $100.00 each, Betts' checks were actually deposited before the new transaction (characterized by Betts as rollovers) were entered. The relationship between the parties began May 27, 1998 and ended November 16, 1998 when Betts stopped payment on her checks and paid only $75 on the $375 debt. During the relationship, she alleges to have paid $900 in fees, but the $300 remaining unpaid and unpursued by FastFunding would have placed her net cash outlay at $600.
The rationale in the Ace Cash Express opinion is equally applicable and dispositive of the usury issue raised by Betts in *355 the instant case. We also note that before FastFunding engaged in business in Florida, it directed a written inquiry to the Florida Department of Banking and Finance in which it described in detail its method of operations and asked whether the transactions would be permissible under Florida law. The Department responded by indicating that the activity would require a payment instrument seller registration as detailed in Chapter 560 and, after obtaining more details about the transactions, issued a certificate allowing FastFunding to operate in this state. A few months later, the Department examined FastFunding's records for compliance with Chapter 560 and found no violations.
The transactions may be found to be usurious if only the usury statutes are considered during the examination of the transactions. But, the scope of examination cannot be limited to the usury statutes. Chapter 560 must also be applied to determine whether the legislature carved the transactions described in Chapter 560 out of the usury statutes. The usury statutes were in existence at the time Chapter 560 was created and the legislature must be presumed to have been aware of them when it enacted legislation allowing the transactions to take place. Because Fast Funding's transactions comply with Chapter 560, Florida Statutes, it must follow that they should not be deemed to be in violation of Florida's usury laws.
We next consider whether the arbitration clause of the contracts between FastFunding and Betts are enforceable. FastFunding I indicated that if the contracts were illegal because the transactions were usurious loans, the matter could not be determined by an arbitrator. No determination was made in that opinion about arbitration if the contract was found to be legal.
In Buckeye Check Cashing, Inc. v. Cardegna, 824 So.2d 228 (Fla. 4th DCA 2002) rev. granted, the Fourth District Court of Appeal considered an identical arbitration clause to the one used in the contracts in the instant case. The Fourth District found the arbitration clause to be enforceable, but the Florida Supreme Court has granted review, Cardegna v. Buckeye Check Cashing, Inc., SC02-2161, 844 So.2d 645 (Fla. April 25, 2003). We agree with the reasoning of the Fourth District that the arbitration agreement is enforceable, but certify the following question as one of great public importance pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(A)(2):
Is an arbitration agreement enforceable when it is included as a requirement of a payment instrument sale executed pursuant to Florida Statute Chapter 560, Part II, and the arbitration is to be governed by the Federal Arbitration Act, 9 U.S.C. Sections 1-16?
The trial court's order is reversed and we remand with instructions to grant Fast-Funding's motion to compel arbitration.
REVERSED and REMANDED.
THOMPSON and TORPY, JJ., concur.
NOTES
[1] Betts also has yet another case pending in this court styled Betts v. Ace Cash Express, Inc., 5D03-825.