906 So.2d 374 (2005)
VACATION BEACH, INC., Appellant,
v.
CHARLES BOYD CONSTRUCTION, INC., Appellee.
No. 5D04-4073.
District Court of Appeal of Florida, Fifth District.
July 22, 2005.
*375 Michael R. Riemenschneider and William H. Cantwell, II, of O'Brien Riemenschneider, P.A., Melbourne, for Appellant.
Ben W. Subin and Michael R. Candes, of Holland & Knight LLP, Orlando, for Appellee.
MONACO, J.
The appellant, Vacation Beach, Inc., asserts in this appeal that the lower court erred in compelling arbitration without first ruling on the issue of whether the construction contract that it entered into with the appellee, Charles Boyd Construction, Inc. ("Boyd Construction"), was illegal or in violation of public policy. In view of the Florida Supreme Court's ruling in Cardegna v. Buckeye Check Cashing, Inc., 894 So.2d 860 (Fla.2005), approving this court's decisions in FastFunding the Company, Inc. v. Betts, 758 So.2d 1143 (Fla. 5th DCA 2000), and Party Yards v. Templeton, 751 So.2d 121 (Fla. 5th DCA 2000), we reverse.
The facts are not complicated. Vacation Beach contracted with Boyd Construction to build a condominium project on land owned by Vacation Beach in Cocoa Beach. The contract specifically lists Boyd Construction as the general contractor. The contract contained, in addition, a provision requiring claims arising out of or related to the contract to be arbitrated after first being submitted to mediation. Any award rendered by an arbitrator was to be final.
While arranging for the repair of hurricane damage to the unfinished project, Vacation Beach discovered that the building permit for the structure had been obtained not by Boyd Construction, the corporation with which it had contracted, but by an entity known as Charles Boyd Homes, Inc. ("Boyd Homes"), a moribund corporation that had been dissolved many years previously and never reinstated. Vacation Beach alleged that although Charles Boyd (an individual who was the principal of Boyd Construction), had been the qualifying agent for Boyd Homes, Boyd Construction had never had either a primary or secondary qualifying agent, as required by section 489.119(2), Florida Statutes (2004). Thus, according to Vacation Beach, Boyd Construction was engaged in unlicensed contracting, and any construction contract entered into by that entity was illegal and void.
Disputes between the parties concerning the construction of the project culminated in Boyd Construction recording a claim of lien against the property owned by Vacation Beach, and filing a demand for arbitration with the American Arbitration Association. Vacation Beach responded by *376 filing an action for declaratory relief in which it sought a declaration concerning the legality of the construction contract, in view of the lack of a qualifying agent. Boyd Construction moved to dismiss and compel arbitration. After a non-evidentiary hearing, the trial court granted Boyd Construction's motion to dismiss and, without discussing its rationale, compelled the parties to arbitrate.
Vacation Beach appealed. We have jurisdiction pursuant to Rule 9.130(a)(3)(c)(iv), Florida Rules of Appellate Procedure. We review a ruling of a trial court on a motion to compel arbitration de novo. See Avid Eng'g, Inc. v. Orlando Marketplace Ltd., 809 So.2d 1 (Fla. 5th DCA 2001).
We have confronted the issues raised by this appeal in a slightly different context. In Party Yards this court held that the trial judge first had to determine whether a disputed loan contract containing an arbitration provision was usurious, and thus in violation of state law, before it could require a borrower to submit to arbitration. We pointed out there that a claim that a contract is illegal, such as a contract infected by usury, is not a matter that can be determined by an arbitrator. The reason is basic: "An arbitrator cannot order a party to perform an illegal act." Party Yards, 751 So.2d at 123. We expressed concern that a court's failure to determine at the outset whether a contract violates Florida's usury laws "could breathe life into a contract that not only violates state law, but also is criminal in nature, by use of an arbitration provision." Id. We arrived at these same conclusions in Fast-Funding.
In Cardegna, the Florida Supreme Court approved Party Yards and Fast-Funding, and confirmed for precisely the same reasons cited by this court that a claim by a borrower asserting that an underlying contract was illegal was required to be resolved by the trial court before arbitration of other disputes under the contract could be compelled. The high court further held that "there are no severable, or salvageable, parts of a contract found illegal and void under Florida law." Cardegna, 894 So.2d at 864. Therefore, if a party claims that a contract containing an arbitration clause violates state law, the trial court is required to make a determination regarding the legality of the contract before it can implement the provisions for arbitration.
Section 489.115, Florida Statutes (2004), requires any person engaged in the contracting business to be first certified or registered in the proper classification. Certification allows a certificate holder to be involved in contracting for the type of work covered by the certificate, so long as the certificate is active. A certificate is awarded upon the passing of a licensing examination[1] and the satisfaction of the other requirements set forth in Part I of Chapter 489. Section 489.119(2), Florida Statutes (2004), which addresses the necessity for obtaining a certificate of authority to engage in contracting work by business entities such as Boyd Construction, states specifically that:
If the applicant proposes to engage in contracting as a business organization, including any partnership, corporation, business trust, or other legal entity, or in any name other than the applicant's legal name or a fictitious name where the applicant is doing business as a sole proprietorship, the business organization must apply for a certificate of authority through a qualifying agent and under the fictitious name, if any.
*377 A qualifying agent, according to the statute, must be certified or registered under Part I of Chapter 489 in order for a business organization to be issued a certificate of authority in the category of the business conducted for which the qualifying agent is certified or registered. See § 489.119(3)(a), Florida Statutes (2004).
Finally, section 489.128, Florida Statutes (2004), provides in part:
(1) As a matter of public policy, contracts entered into on or after October 1, 1990, by an unlicensed contractor shall be unenforceable in law or in equity by the unlicensed contractor.
(a) ... A business organization is unlicensed if the business organization does not have a primary or secondary qualifying agent in accordance with this part concerning the scope of the work to be performed under the contract.[2]
In the present case Vacation Beach argues that the Boyd Construction contract was void because it violates these statutes. Vacation Beach alleged that while Boyd Construction represented that it was properly licensed as a general contracting company in Florida, its representation was false because it had no qualifying or secondary agent, and no certificate of authority. Instead, the building permit was obtained by Boyd Homes, a dissolved corporation with no current certification, as the certified general contractor for the project, even though Vacation Beach had no contractual relationship with that organization.
Contracts transgressing public policy, including contracts sought to be enforced by an unlicensed contractor in violation of the above-quoted statutes, are considered to be illegal and will not generally be enforced by the courts. See Promontory Enters., Inc. v. Southern Eng'g & Contracting., Inc., 864 So.2d 479 (Fla. 5th DCA 2004); Castro v. Sangles, 637 So.2d 989 (Fla. 3d DCA 1994). See also Cardegna; D & L Harrod, Inc. v. U.S. Precast Corp., 322 So.2d 630 (Fla. 3d DCA 1975). If, indeed, the contract between Vacation Beach and Boyd Construction is void, then the arbitration provisions contained in it are, accordingly, not enforceable. We once again hold, therefore, that the threshold challenge to the contract containing an arbitration provision based on the contract's illegality or violation of public policy must first be resolved by the trial court. Only if the contract is found to be legal and enforceable may arbitration then be required.
Boyd Construction argues, however, that this case is analogous to our decision in Qubty v. Nagda, 817 So.2d 952 (Fla. 5th DCA 2002), in which we held that an issue concerning whether a contract containing an arbitration clause was void because of fraud in the inducement must be resolved by the arbitrators, not the court. We note, initially, that this argument does not appear to have been argued below, and instead is made for the first time in the answer brief. In fairness to the opposing party and trial judge, we would ordinarily not consider this issue. See Parlier v. Eagle-Picher Indus., Inc., 622 So.2d 479 (Fla. 5th DCA 1993). We address it here, however, to make clear our holding.
Qubty involved a brokerage contract containing an arbitration clause that was attacked based on fraud in the inducement. This court held that a claim of fraud in the inducement does not preclude enforcement of the arbitration provisions of the contract, so long as the claims for rescission *378 are directed to the contract as a whole, as opposed to the arbitration provision. Pointedly, Qubty did not involve a contract asserted to be void as violative of a statute or the public policy of the state. That is to say, there was no danger under that scenario of the courts requiring the performance of an illegal contract or of illegal acts. See Cardegna; Party Yards. Under the circumstances, we feel that the distinction is clear.
Accordingly, we reverse with directions that the trial court address the issue of the illegality of the contract.
REVERSED AND REMANDED.
SHARP, W. and THOMPSON, JJ., concur.
NOTES
[1] See § 489.111, Fla. Stat. (2004).
[2] Certain violations of these statutes are punishable as crimes. See § 489.127, Fla. Stat. (2004).