950 So.2d 379 (2006)
Wendy BETTS, Petitioner,
v.
FASTFUNDING THE COMPANY, INC., Respondent.
No. SC03-1679.
Supreme Court of Florida.
October 26, 2006.
Christopher C. Casper of James, Hoyer, Newcomer and Smiljanich, P.A., Tampa, FL, E. Clayton Yates, Fort Pierce, FL, Richard A. Fisher, Cleveland, TN, and Paul Bland, Jr., Washington, D.C., for Petitioner.
Lisa Marie Harris and John A. Boudet of Greenberg Traurig, P.A., Orlando, FL, and Susan Verbonitz of Weir and Partners, LLP, Philadelphia, PA, for Respondent.
PER CURIAM.
We have for review FastFunding The Co. v. Betts, 852 So.2d 353 (Fla. 5th DCA 2003), in which the Fifth District Court of Appeal relied on Betts v. Ace Cash Express, Inc., 827 So.2d 294 (Fla. 5th DCA 2002), disapproved by McKenzie Check Advance of Florida, L.L.C. v. Betts, 928 So.2d 1204 (Fla.2006), and certified a question of great public importance to this Court.[1] The Fifth District also cited to an opinion from the Fourth District Court of Appeal that was pending before this Court. See Buckeye Check Cashing, Inc. v. Cardegna, 824 So.2d 228 (Fla. 4th DCA 2002), quashed, 894 So.2d 860 (Fla.2005), rev'd, 546 U.S. 440, 126 S.Ct. 1204, 163 L.Ed.2d 1038 (2006), and approved, 930 So.2d 610 (Fla.2006). We have jurisdiction. See art. V, § 3(b)(3)-(4), Fla. Const.; Jollie v. State, 405 So.2d 418 (Fla.1981).
On May 24, 2005, this Court stayed proceedings in this case pending disposition of McKenzie. After McKenzie was decided, this Court issued an order on June 21, 2006, directing the parties to show cause as to why this Court should not accept jurisdiction, quash the FastFunding decision, and remand for reconsideration in light of McKenzie.
We have considered the parties' responses. We now grant the petition for review in the present case. The decision under review is quashed and this matter is remanded to the Fifth District Court of Appeal for reconsideration upon application of this Court's decision in McKenzie and our decision on remand in Cardegna.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, QUINCE, and BELL, JJ., concur.
CANTERO, J., concurs in result only with an opinion.
PARIENTE, J., did not participate.
CANTERO, J., concurring in result only.
I concur in the result because our decision in McKenzie Check Advance of Florida, L.L.C. v. Betts, 928 So.2d 1204 (Fla. 2006), is now the precedent of this Court, and the majority simply remands to the district court for reconsideration in light of Betts as well as Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 126 S.Ct. *380 1204, 163 L.Ed.2d 1038 (2006). However, I continue to adhere to my opinion in Betts that the term "check cashing" as defined in the Money Transmitter's Code, chapter 560, Florida Statutes (1997), includes deferred presentment transactions unless they involve a rollover for an additional fee. 928 So.2d at 1211-18 (Cantero, J., concurring in part and dissenting in part).
NOTES
[1] The Fifth District certified the following question: "Is an arbitration agreement enforceable when it is included as a requirement of a payment instrument sale executed pursuant to Florida Statute Chapter 560, Part II, and the arbitration is to be governed by the Federal Arbitration Act, 9 U.S.C. Sections 1-16?" FastFunding, 852 So.2d at 355.