941 So.2d 496 (2006)
Peter ROTH and Marilyn Roth, Appellants,
v.
Alan COHEN, Appellee.
No. 3D06-116.
District Court of Appeal of Florida, Third District.
November 8, 2006.
*498 Jorden Burt, and Richard J. Ovelmen and Andres F. Chagui and Landon K. Clayman, Miami, for appellants.
Lee Milich, Ft. Lauderdale, for appellee.
Before RAMIREZ, ROTHENBERG, and LAGOA, JJ.
LAGOA, J.
Appellants Peter and Marilyn Roth (hereinafter "the Roths") appeal a non-final order compelling arbitration of their Counterclaim and Third Party Complaint. At issue on appeal is whether Appellee Alan Cohen ("Cohen") waived his right to compel arbitration when he filed suit in circuit court. Because we find that, by filing his otherwise arbitrable defamation claims in circuit court, Cohen waived his right to compel arbitration, we reverse the trial court's order compelling arbitration of the Counterclaim.[1]
I. FACTUAL AND PROCEDURAL HISTORY
Cohen is the sole officer and director of Alan David, Inc. ("ADI"), an interior design company. In 2003, Cohen and ADI decorated a model home at Cloisters on the Bay ("Cloisters"), a luxury development in Miami, Florida.
After purchasing a residence at the Cloisters, Peter Roth received a recommendation from the Cloisters that he use Cohen's and ADI's services. Peter Roth and ADI subsequently entered into an interior design services agreement. The signatories to that contract were Peter Roth and Cohen.[2]
The design contract provides that Roth would purchase items through or from the designer at cost. The contract also contains an arbitration clause that states, in relevant part: "Any controversy or claim arising out of or relating to this Agreement or the breach thereof shall be settled by arbitration in Broward County. . . ." (emphasis added).
According to the Roths, Cohen and ADI breached the contract by charging and collecting more than cost for design items and by inappropriately charging sham Florida sales taxes. The Roths met with Leonard Albanese ("Albanese"), the Cloisters' developer, in November of 2004 to discuss Cohen and ADI's breach and Albanese's continued recommendation of Cohen and ADI to Cloisters' residents. On February 1, 2005, the Roths sent a letter to Albanese questioning why he continued to *499 refer Cohen's services to Cloisters' residents, and enclosing invoices which the Roths claimed showed the improper cost overcharges and sham sales taxes.
On June 23, 2005, Cohen filed suit in circuit court against the Roths asserting claims for libel, defamation, slander, and tortious interference with his relationship with Albanese[3] and the Cloisters. In his Complaint, Cohen alleged that he is the president of ADI and was employed by Peter Roth to provide interior design services to Roth's residence at the Cloisters.
The Roths filed their Answer and Affirmative Defenses, as well as a Counterclaim and Third Party Complaint (naming ADI as a third party defendant) seeking joint and several damages from Cohen and ADI for fraud, fraud in the inducement, unjust enrichment, conversion, civil theft, constructive fraud, breach of contract, and an equitable accounting. In all but the constructive fraud and equitable accounting counts, the Roths allege that Cohen is the alter ego of ADI.
On October 10, 2005, Cohen and ADI filed a Motion to Stay Proceedings and Compel Arbitration of the Counterclaim and the Third Party Complaint. At the hearing before the trial court, the parties' arguments centered on the issue of whether there was a nexus between Cohen's claims and the design agreement and whether Cohen waived his right to arbitrate. The trial court granted the motion, and ordered arbitration of both the Counterclaim against Cohen and the Third Party Complaint against ADI.
II. STANDARD OF REVIEW AND FACTORS TO BE CONSIDERED IN GRANTING MOTION TO COMPEL ARBITRATION
We review an order granting or denying a motion to compel arbitration de novo. Vacation Beach, Inc. v. Charles Boyd Construction, Inc., 906 So.2d 374, 376 (Fla. 5th DCA 2005); Orkin Exterminating Co. v. Petsch, 872 So.2d 259 (Fla. 2d DCA 2004). When considering a motion to compel arbitration, three factors need to be considered: (1) whether a valid agreement to arbitrate exists, (2) whether an arbitrable issue exists, and (3) whether the right to arbitration was waived. See Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla. 1999).
In Seifert, the Florida Supreme Court stated that "even in contracts containing broad arbitration provisions, the determination of whether a particular claim must be submitted to arbitration necessarily depends on the existence of some nexus between the dispute and the contract containing the arbitration clause." Id. at 638. Thus, not every dispute that arises between contracting parties will be subject to arbitration, nor is the mere fact that a dispute would not have arisen but for the contract sufficient to compel arbitration of the dispute. Id. In establishing this standard, the Florida Supreme Court relied upon cases holding that for a tort claim to be considered "arising out of or relating to" a contract, "it must, at a minimum, raise some issue the resolution of which requires reference to or construction of some portion of the contract itself." Id.
III. ARGUMENTS ON APPEAL
On appeal, the Roths argue that the trial court erred in compelling arbitration of their Counterclaim because the arbitration clause contained in the design contract applied to Cohen's defamation claims and, therefore, Cohen waived his right to compel arbitration when he filed *500 suit in circuit court. In response to the Roths' arguments, Cohen advances two arguments on appeal. First, he argues that, because the design contract is between ADI and Peter Roth, he did not have the right to demand arbitration under the contract in the first place and, therefore, could not have waived any such right. Cohen, however, failed to preserve this issue for appellate review. "For an issue to be preserved for appeal, . . . it `must be presented to the lower court and the specific legal argument or ground to be argued on appeal must be part of that presentation if it is to be considered preserved.'" Archer v. State, 613 So.2d 446, 448 (Fla. 1993); Vacation Beach, Inc. v. Charles Boyd Const., Inc., 906 So.2d 374 (Fla. 5th DCA 2005); Parlier v. Eagle-Picher Indus., Inc., 622 So.2d 479 (Fla. 5th DCA 1993). Because Cohen did not raise this argument before the trial court, the issue was not preserved and is, therefore, not properly before this Court.
Even if Cohen had preserved this issue, however, it would not avoid reversal, as Cohen proceeded before the trial court in a manner inconsistent with this argument. By moving to compel arbitration of the Counterclaim against him, Cohen affirmatively took advantage of the very arbitration clause he now claims he did not have a right to demand. Following Cohen's argument, his motion to compel arbitration of the Counterclaim would have been without factual or legal basis.
Cohen also argues that the arbitration clause does not apply to the defamation claims he filed before the circuit court because, following Seifert, an insufficient nexus exists between his claims and the arbitration clause. We disagree.
In support of his position, Cohen relies on King Motor Co. v. Jones, 901 So.2d 1017 (Fla. 4th DCA 2005). In King, the plaintiff purchased a car pursuant to a purchase and sales contract containing a broad arbitration clause. After learning that the financial information she provided to the dealer had been stolen and that she had become a victim of identity theft, the plaintiff sued the dealer under a variety of tort and statutory theories. The trial court denied the dealer's motion to compel arbitration and the Fourth District affirmed. Relying on Seifert, the Fourth District reasoned that the tort claims were based on the dealer's alleged breach of duty to keep customer's confidential and financial information safe  duties owed generally to the public  and did not implicate the contractual duties created or governed by the parties' purchase and sales contract. Moreover, none of the allegations in the complaint required reference to, or construction of, any portion of the parties' contract. King, 901 So.2d at 1020.
In contrast, in the present case, there is a sufficient nexus between Cohen's claims and the design contract such that the arbitration clause applies to this action. Cohen's claims all relate to allegedly false verbal and written statements made by the Roths regarding Cohen's failure to comply with the terms of the design contract. As such, and unlike King, the dispute in this case arises out of a construction of the design contract's terms and conditions, and necessarily requires reference to those provisions of the contract. Because Cohen's claims are based upon statements regarding the alleged breach of rights and obligations that exist under the design contract, they have a sufficient nexus to that contract as to fall within the arbitration clause. Cf. Royal Caribbean Cruises, Ltd. v. Universal Employment Agency, 664 So.2d 1107, 1109 (Fla. 3d DCA 1995)(where contract between the parties provided for arbitration of "any controversy or claim arising out of or relating to this Agreement," claims for defamation, fraud, and *501 business interference clearly had their origin or genesis in the contract and arbitration clause applied). See also Popper v. Monroe, 673 F.Supp. 1228 (S.D.N.Y. 1987)(where allegedly defamatory statements directly related to the interpretation of contract terms, dispute subject to arbitration pursuant to contract). Accordingly, we hold that the trial court erred when it found that Cohen's claims against the Roths were not subject to the design contract's arbitration clause.
Turning to whether Cohen waived his right to arbitrate, in Raymond James Financial Services Inc. v. Saldukas, 896 So.2d 707, 711 (Fla. 2005), the Florida Supreme Court noted that "[t]he right to arbitration, like any contract right, can be waived. . . . [therefore] an arbitration right must be safeguarded by a party who seeks to rely upon that right, and the party must not act inconsistently with the right." "[T]he essential question is whether, under the totality of the circumstances, the defaulting party has acted inconsistently with the arbitration right." Id.
In this case, Cohen commenced a lawsuit against the Roths in circuit court and propounded discovery requests. This active participation in a lawsuit is inconsistent with a party's contractual right to arbitration and constitutes a waiver of that right. See Fine Decorators, Inc. v. Argent Global (Bermuda) Ltd., 919 So.2d 604, 606 (Fla. 3d DCA 2006); Hill v. Bluntzer, 701 So.2d 901, 902 (Fla. 3d DCA 1997); Lapidus v. Arlen Beach Condominium Assn., Inc., 394 So.2d 1102, 1103 (Fla. 3d DCA 1981). Because we find that the arbitration clause applied to Cohen's defamation claims and that Cohen waived his right to arbitrate by filing suit in circuit court, the trial court's order compelling arbitration of the Counterclaim is reversed.
Reversed and remanded for further proceedings consistent herewith.
NOTES
[1] Although the order on appeal compelled arbitration of both the Counterclaim against Cohen and the Third Party Complaint against ADI, appellants' arguments on appeal were limited solely to the Counterclaim against Cohen. As no argument was presented to this Court regarding the Third Party Complaint, we do not address it here. See Ramos v. Philip Morris Companies Inc., 743 So.2d 24, 29 (Fla. 3d DCA 1999); Polyglycoat Corp. v. Hirsch Distributors Inc., 442 So.2d 958, 960 (Fla. 4th DCA 1984).
[2] Peter and Marilyn Roth were not married at the time the contract was signed, and Marilyn Roth is not a party to the contract.
[3] The Roths' letter to Albanese is attached to the Complaint.