994 So.2d 472 (2008)
Teresa V. GUERRERO, Appellant,
v.
MIAMI-DADE COUNTY and the City of Miami, Appellees.
No. 3D07-1189.
District Court of Appeal of Florida, Third District.
November 5, 2008.
Teresa V. Guerrero, in proper person.
Jorge L. Fernandez, City Attorney, Sarasota, and Christopher A. Green, Assistant City Attorney, Miami; R.A. Cuevas, Jr., Miami-Dade County Attorney and Eric K. Gressman, Assistant County Attorney, Miami, for appellees.
Before WELLS, SHEPHERD, and ROTHENBERG, JJ.
WELLS, J.
Teresa V. Guerrero appeals from an order dismissing the instant action for failure to prosecute. We reverse.
This action has been pending since March 2001. In July of 2005, Guerrero's counsel was permitted to withdraw and Guerrero was ordered to advise the court within twenty one days whether she would represent herself or would obtain new counsel. Guerrero timely notified the court that she would proceed pro se.
Guerrero thereafter took no meaningful steps to prosecute this action. In December of 2006, both the City of Miami and Miami-Dade County moved to dismiss for failure to prosecute under Florida Rule of Civil Procedure 1.420(e).[1] Within days, Guerrero filed a notice requesting a ruling *473 on an earlier filed motion for leave to amend her complaint and advising of her ongoing efforts to retain new counsel. No action was taken.
In early 2007, the City and Miami-Dade County again sought to dismiss for failure to prosecute. Guerrero again frustrated dismissal by timely filing a response. The court nonetheless dismissed the action for lack of prosecution.
The City, citing to rule 1.420(e) and this court's decision in London v. Baxter Healthcare Corp., 965 So.2d 307, 307 (Fla. 3d DCA 2007), has correctly confessed error. See also Wilson v. Salamon, 923 So.2d 363, 368 (Fla.2005) (concluding that "if a review of the face of the record reveals activity by `filings of pleadings, order of court, or otherwise,' an action should not be dismissed [for lack of prosecution]" (quoting Metro. Dade County v. Hall, 784 So.2d 1087 (Fla.2001))). The County, however, argues that dismissal was nonetheless proper since Guerrero represented in her 2007 response to its motion to dismiss for lack of prosecution that the action should not be dismissed because she was still attempting to locate new counsel, despite the fact that she earlier had notified the court that she would be proceeding pro se rather than retaining new counsel. While Guerrero's change in position apparently made for the purpose of frustrating the rules of procedure, combined with her failure to advance this action for over six years may well justify dismissal as a sanction, these arguments were not raised below, thus they can provide no basis for the instant order. See Roth v. Cohen, 941 So.2d 496, 500 (Fla. 3d DCA 2006) ("For an issue to be preserved for appeal, ... it `must be presented to the lower court and the specific legal argument or ground to be argued on appeal must be part of that presentation if it is to be considered preserved.'" (quoting Archer v. State, 613 So.2d 446, 448 (Fla.1993))); see also Dober v. Worrell, 401 So.2d 1322, 1323-24 (Fla.1981); Vacation Beach, Inc. v. Charles Boyd Constr., Inc., 906 So.2d 374 (Fla. 5th DCA 2005); Parlier v. Eagle-Picher Indus., Inc., 622 So.2d 479 (Fla. 5th DCA 1993).
Because the record reveals activity that would preclude dismissal for failure to prosecute, we reverse the order on appeal and remand for reinstatement of the instant action.
NOTES
[1] Rule 1.420(e), in pertinent part, provides:

In all actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 10 months, and no order staying the action has been issued nor stipulation for stay approved by the court, any interested person, whether a party to the action or not, the court, or the clerk of the court may serve notice to all parties that no such activity has occurred. If no such record activity has occurred within the 10 months immediately preceding the service of such notice, and no record activity occurs within the 60 days immediately following the service of such notice, ... the action shall be dismissed... unless a party shows good cause....