497 So.2d 703 (1986)
SHEARSON/LEHMAN BROTHERS, INC., Voldemar Strasdas and Alfred Fasulo, Appellants,
v.
Xiomara ORDONEZ, Pedro Munoz, Francisco and Margarita Afanador, Appellees.
No. 4-86-0131.
District Court of Appeal of Florida, Fourth District.
November 12, 1986.
Sidney A. Stubbs, Jr., and Marjorie Gadarian Graham of Jones & Foster, P.A., West Palm Beach, for appellants.
Kim St. James of Kingcade & Campbell, P.A., West Palm Beach, for appellees.
PER CURIAM.
This is an appeal from an order staying arbitration proceedings under a brokerage contract pending resolution of a complaint stating a cause of action for rescission of the contract. Appellees instituted an action against appellants seeking to recover for fraud, state statutory violations, negligent misrepresentation, breach of fiduciary duty, and negligence. Appellants filed a motion to compel arbitration in accordance with the brokerage customer agreement which appellees admitted they had signed. The agreement provided as follows:
This agreement shall inure to the benefit of your successors and assigns, shall be binding on the undersigned, my heirs, executors, administrators and assigns and shall be governed by the laws of the State of New York. Unless unenforceable due to federal or state law, any controversy *704 arising out of or relating to my accounts, to transactions with you for me or to this agreement or the breach thereof, shall be settled by arbitration in accordance with the rules then in effect, of the National Association of Securities Dealers, Inc. or the Boards of Directors of the New York Stock Exchange Inc. and/or the American Stock Exchange, Inc. as I may elect.
At the hearing on the motion to compel arbitration, appellees made an oral motion to amend their complaint to add a count for rescission and/or revocation. The trial court permitted the amendment whereupon appellees filed a motion to stay arbitration pending resolution of the court for rescission. They argued that if rescission were granted the contract upon which arbitration was predicated would be void. The trial court agreed and stayed the arbitration proceedings until rendition of a judgment on the claim for rescission.
We reverse. This matter is governed by federal law and as we stated in Merrill Lynch, Pierce, Fenner and Smith, Inc. v. Melamed, 405 So.2d 790 (Fla. 4th DCA 1981) (Melamed I), under the supremacy clause of the United States Constitution, Article VI, Clause 2, the Federal Arbitration Act supersedes inconsistent provisions of the Florida Arbitration Code. The Federal Arbitration Act, 9 U.S.C. section 2, provides:
A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof of an agreement in writing to submit to arbitration an existing controversy arising out of such contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.
In basing its ruling upon the last clause in section 2, the trial court erroneously broadened the meaning of the words "contract" and "agreement." Furthermore, the trial court erred in relying on our decision in Borck v. Holewinski, 459 So.2d 405 (Fla. 4th DCA 1984), in that Borck did not involve interstate commerce and was therefore controlled exclusively by the Florida Arbitration Act and Florida law. Here, we are dealing with interstate commerce and federal law which restrict the interpretation of the words "contract" and "agreement" as used in 9 U.S.C. section 2. The federal cases have held that unless the arbitration clause in the contract was allegedly induced by fraud, all claims including claims that the entire contract was induced by fraud, must be submitted to arbitration. In Prima Paint Corp. v. Flood and Conklin Manufacturing Co., 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967), the plaintiff sought rescission of a contract containing an arbitration agreement alleging that the defendant fraudulently induced it to enter into the contract. The Supreme Court held that the arbitration agreement was separable from the contract within which it was contained. Since there was no allegation of fraudulent inducement to enter into the arbitration agreement, the controversy over whether there was fraud in the inducement to enter into the contract as a whole was to be settled by arbitration and not the courts. Following Prima Paint, we find that the amended complaint contained no allegations of fraud concerning the arbitration agreement itself. All allegations go to the contract in general. We thus reverse the trial court's order staying arbitration and remand the matter for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
LETTS, DELL and GUNTHER, JJ., concur.