502 So.2d 479 (1987)
Bernard SPITZ and Gertrude Spitz, Appellants,
v.
PRUDENTIAL-BACHE SECURITIES, INC., and Nancy Abrams, Appellees.
No. 85-2856.
District Court of Appeal of Florida, Fourth District.
January 28, 1987.
Rehearing and Sanctions Denied March 5, 1987.
Pamela M. Burdick of Russell L. Forkey, P.A., Fort Lauderdale, for appellants.
Lloyd R. Schwed and Kathy Klock of Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A., Miami, for appellees.
LETTS, Judge.
We have before us for review the order of the trial court granting Prudential-Bache's Motion to Stay Action and Compel Arbitration. We reverse.
The Appellants are retirees who, after discussions with a Prudential-Bache account executive, invested in a limited partnership. The partnership's profitability did not live up to their expectations and the retirees filed a two count complaint alleging violation of section 517.301, Florida Statutes (1985), because of misrepresentations and omissions, and breach of fiduciary duties due to fraud.
Prudential-Bache moved to stay the action and compel arbitration. The retirees' memorandum in opposition argued that the arbitration clause was fraudulently induced, and they demanded a jury trial on that issue. See 9 U.S.C.A. § 4. In particular, they alleged that they were mailed a "Joint Account Agreement" with a cover letter stating that "The full and complete[1] execution of these forms is necessary to *480 comply with the rules of the New York Stock Exchange and, therefore, your prompt attention to this matter will be appreciated." The clause containing the arbitration agreement appears as the last paragraph of the Joint Trading Account Agreement. Prudential-Bache concedes that although the rules of the New York Stock Exchange do require that the customer sign forms, the rules do not in fact require that those forms include an arbitration agreement. The question for determination by the trial court is whether the retirees are attacking the making of the entire Joint Trading Account Agreement, or merely the particular arbitration clause. If the court concludes that the attack is on the entire contract which contains an arbitration agreement, arbitration may proceed. Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967), 9 U.S.C.A. § 4. If, on the other hand, the court determines that the attack centers on fraud in the inducement going only to the arbitration clause, the aggrieved party may demand a jury trial as to that issue. 9 U.S.C.A. § 4.
The trial court's order simply granted the motion to compel arbitration. We find that this was error and that the retirees' demand for jury trial should have been granted as to the issue of fraud in the making of the agreement to arbitrate.
To warrant a trial by jury under 9 U.S.C.A. § 4, the fraudulent inducement issue must be "genuine." That is, some evidence should be produced to substantiate the claim that the arbitration agreement to arbitrate was invalid due to fraud. Interbras Cayman Co. v. Orient Victory Shipping Co. S.A., 663 F.2d 4 (2d Cir.1981). We believe the retirees made an adequate preliminary showing of such a genuine issue. The entire thrust of the retirees' memorandum in response to the motion, and their accompanying affidavit, was not that they were fraudulently induced into signing the entire account agreement, but that they were fraudulently led to believe that they were required to agree to the arbitration provision. The affidavit, signed by both retirees, states that they only executed the agreement to comply with the New York Stock Exchange rules, an allegation which is sufficient to show the necessary reliance element for fraud. Thus, their demand for a jury trial on this fraud issue should have been granted.
Reversed and remanded for further proceedings in accordance herewith.
LETTS, J., concurs.
GLICKSTEIN, J., concurs specially with opinion.
STONE, J., dissents with opinion.
GLICKSTEIN, Judge, concurring specially.
The writer agrees with Judge Letts' analysis and conclusion, expressed in the majority opinion, and writes only to express his concerns about arbitration.
We frequently see claims that a broker has preyed on a securities purchaser, often with devastating effect on the retirement nest egg of an elderly or disabled investor. This writer believes that when it is alleged that churning or exploitation has had substantial financial impact on an investor, arbitration can be perceived as a suitable means of resolving the dispute only if two ingredients are present; namely, (a) a fully informed arbitrator who not only is totally impartial but also gives every appearance of being so; and (2) effective discovery.
Not infrequently, litigation entails a waste of considerable time and money. Arbitration was conceived to reduce such waste, but not at the expense of truth. Without the above two ingredients, the writer can understand the unwillingness of a purported victim of churning to engage in it.
STONE, Judge, dissenting.
The essence of the allegation in this case was that fraud induced the execution of a document which contained, among other provisions, an arbitration clause. In my *481 judgment, the circuit court correctly compelled arbitration.
A claim of fraudulent inducement concerning a contract as a whole should be resolved through arbitration. Prima Paint Corp. v. Flood and Conklin Mfg. Co., 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967). Moreover, the fraud in this case would have induced the entire agreement, not solely the inclusion of an arbitration clause. See generally Merrill Lynch, Pierce, Fenner & Smith v. Haydu, 637 F.2d 391 (5th Cir.1981); Interbras Cayman Co. v. Orient Victory Shipping Co., S.A., 663 F.2d 4 (2d Cir.1981); Boyd v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 614 F. Supp. 940 (S.D.Fla. 1985); Brener v. Becker Paribas, Inc., 628 F. Supp. 442 (S.D.N.Y. 1985).
It is undisputed that the provisions of the Federal Arbitration Act, 9 U.S.C. §§ 3, 4 apply in the case before us. The appellants have failed to satisfy their burden to show that the trial court did not follow the law.
NOTES
[1] Emphasized in the letter.