549 So.2d 777 (1989)
Bernard SPITZ and Gertrude Spitz, Appellants,
v.
PRUDENTIAL-BACHE SECURITIES, INC., and Nancy Abrams, Appellees.
No. 87-2805.
District Court of Appeal of Florida, Fourth District.
October 4, 1989.
*778 James F. Falco, Pamela M. Burdick, and Steven G. Goerke of Forkey and Falco, P.A., Deerfield Beach, for appellants.
Lloyd R. Schwed of Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A., Miami, for appellees.
POLEN, Judge.
This matter is before us for the second time. In Spitz v. Prudential-Bache Securities, Inc., 502 So.2d 479 (Fla. 4th DCA 1987), we reversed an order of the trial court compelling arbitration and remanded the cause for determination "as to the issue of fraud in the making of the agreement to arbitrate." Id. at 480.
Appellants' first point on appeal alleges the trial court erred in limiting appellants' presentation to the jury to the question of whether there was fraud on the part of appellees directed solely to the arbitration clause, as compared to the broader question of whether there was fraud in the inducement as to the entire account agreement. As we stated in our previous opinion, the cause was remanded to the trial court for determination of whether there was fraud in the making of the agreement to arbitrate. This language is dispositive of appellant's first point, therefore, the ruling of the trial court is affirmed as to this issue.
The second point raised on appeal is whether the trial court erred in refusing to grant a new trial based on alleged fundamental inconsistency in the jury verdict, and jury confusion due to the wording used in the jury instructions and verdict form. Appellees' contention that appellants are precluded from objecting to the form of the verdict utilized, as such objections were not timely preserved at the trial level, is wholly without merit. Appellants' counsel clearly objected both at the time the verdict form was first presented to the judge for consideration, and again during the jury's deliberations when the jury presented a question to the judge as to the form of verdict.
The interrogatory form of verdict, together with the jury's responses to the seven questions contained therein, appears as follows:
WE, the Jury, find:
1. PRUDENTIAL-BACHE made a statement of fact that was not true.
Yes X No ____
2. PRUDENTIAL-BACHE made a statement, and either PRUDENTIAL-BACHE knew it was not true; or that PRUDENTIAL-BACHE made a statement without knowledge of its truth of (sic) falsity; or that PRUDENTIAL-BACHE made the statement of fact under circumstances in which PRUDENTIAL-BACHE ought to have known, if it did not know, of the falsity thereof.
Yes X No ____
3. The statement of fact was material or important to the SPITZES agreeing to arbitration.
Yes X No ____
4. PRUDENTIAL-BACHE intended for the SPITZES to act upon the representation so as to enter the arbitration agreement.
Yes X No ____
5. The SPITZES justifiably relied and acted upon the fraudulent statement.
Yes X No ____
6. The SPITZES were injured as a result of acting in reliance on the representation.
Yes X No ____
7. The statement made by PRUDENTIAL-BACHE related specifically to the arbitration clause itself.
Yes ____ No X 
DATED this the 18th day of September, 1987.
As a matter of law, fraud in the inducement exists when a false statement is made as to a material fact, the maker knew or should have known of the statement's falsity, the maker intends that another rely upon the statement, and another relies and is thereby injured. Alexander/Davis Properties, Inc. v. Graham, 397 So.2d 699 (Fla. 4th DCA 1981). In the instant case, the jury found all the elements *779 of fraud in the inducement by their answers to questions 1 through 6. Even considering questions 3 and 6 as surplusage, the jury clearly answered all of the first six questions in the affirmative. However, by its answer to question 7, it is apparent that either the verdict is irreconcilable as to the jury's finding, or else the jury was confused. Such confusion is further evidenced by the jury's question during deliberations, asking "must all the questions be answered yes to constitute fraud?"
A new trial is proper when a verdict appears to be inconsistent and the intent of the jury cannot be determined. Alpha Electric Supply, Inc. v. G.E. Lee Enterprises, Inc., 441 So.2d 698 (Fla. 2d DCA 1983); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Anderson, 501 So.2d 635 (Fla. 1st DCA 1986).
We therefore reverse and remand for a new trial consistent with this opinion.
DOWNEY and DELL, JJ., concur.