930 So.2d 610 (2006)
John A. CARDEGNA, et al., Petitioners,
v.
BUCKEYE CHECK CASHING, INC., etc., Respondent.
No. SC02-2161.
Supreme Court of Florida.
May 11, 2006.
E. Clayton Yates, Fort Pierce, FL, F. Paul Bland, Jr., Washington, D.C., Christopher C. Casper of James, Hoyer, Newcomer and Smiljanich, P.A., Tampa, FL, and Richard A. Fisher, Cleveland, TN, for Petitioner.
John R. Hart of Carlton Fields, P.A., West Palm Beach, FL, Amy L. Brown, and James P Wehner of Squire, Sanders and Dempsey, LLP, Washington, DC, and Pierre H. Bergeron of Squire, Sanders and Dempsey, LLP, Cincinnati, OH, for Respondent.
*611 Deborah M. Zuckerman, AARP Foundation, Washington, D.C., and Lynn Drysdale, Florida Legal Services, Inc., Jacksonville, FL, for amici curiae, AARP, Consumer Federation of America and National Consumer Law Center.
Daniel S. Pearson, Lenore C. Smith, and Scott B. Newman of Holland and Knight, LLP, Miami, FL, for amicus curiae, The Check Cashing Store, Inc.

OPINION ON REMAND
PER CURIAM.
This Court has previously quashed the decision of the Fourth District Court of Appeal in Buckeye Check Cashing, Inc. v. Cardegna, 824 So.2d 228 (Fla. 4th DCA 2002). See Cardegna v. Buckeye Check Cashing, Inc., 894 So.2d 860 (Fla.2005). Because our decision has now been reversed by the United States Supreme Court, we withdraw our prior opinion and now approve the decision of the Fourth District. See Buckeye Check Cashing, Inc. v. Cardegna, ___ U.S. ___, 126 S.Ct. 1204, 163 L.Ed.2d 1038 (2006).
In the Fourth District's decision in Cardegna, the court held that a borrower's claim that a contract was void ab initio under Florida law and public policy must be resolved by arbitration where there was no separate claim that the arbitration provision in the contract itself was unenforceable. This Court quashed and held that the dispute as to the validity of the contract must first be resolved in court before the arbitration provision could be enforced. In turn, the United States Supreme Court has reversed this Court's decision, and, in effect approved the holding of the Fourth District.
Accordingly, consistent with and pursuant to the United States Supreme Court's decision, we withdraw our previous opinion and now approve the decision of the Fourth District and disapprove of the conflicting opinion of the Fifth District in Fastfunding the Company, Inc. v. Betts, 758 So.2d 1143 (Fla. 5th DCA 2000). We remand this cause to the Fourth District for further proceedings consistent herewith.
It is so ordered.
WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur. PARIENTE, C.J., recused.