DAMOORGIAN, J.
 

 ATP Flight School, LLC and Airline Transport Professionals Corp. of USA, Inc. (collectively “ATP”) appeal the trial court’s non-final order denying their motion to compel arbitration and dismiss. We review the trial court’s decision on the validity of an arbitration agreement de novo.
 
 Chapman v. King Motor Co. of S. Fla.,
 
 833 So.2d 820, 821 (Fla. 4th DCA 2002).
 

 In December 2008, Bryan Sax enrolled in flight training with ATP Flight School. On December 3, 2008, Mr. Sax executed a “Flight School Agreement” with ATP. The agreement contains, among other things, an arbitration clause, a choice of law provision, and a forum selection clause, which provide as follows:
 

 AGREEMENT TO ARBITRATE
 

 Trainee agrees that, upon the sole and exclusive election of ATP, any claim, dispute, or controversy (whether in contract, tort, or otherwise) arising from or relating to Trainee’s enrollment in any ATP flight training program or any dealings or agreements between ATP and Trainee,
 
 including the validity or enforceability of this arbitration clause
 
 or any part thereof or any other matter, shall be resolved by binding arbitration under the Rules of the American Arbitration Association in Jacksonville, Florida.... The parties exclusively select the application of Georgia substantive law without resort to Georgia’s conflicts of law rules to resolve legal issues that may arise in the course of such arbitration or any litigation between the parties. Should any such controversy arising from or related to this agreement or any other agreements or dealings between the parties be litigated rather than arbitrated, the parties select as the sole and exclusive venue for any such
 
 *250
 
 litigation the state and federal courts in Jacksonville, Florida.
 

 (emphasis added).
 

 On December 6, 2008, while training at ATP, Mr. Sax was killed in a mid-air collision between his plane and another flight school’s plane. Mr. Sax’s wife, Christina Sax, brought a wrongful death action against ATP asserting that ATP’s negligence caused the fatal crash.
 

 ATP moved to compel arbitration and dismiss the action based on the Flight School Agreement’s arbitration clause. ATP also argued that venue should be transferred to Jacksonville, Florida, pursuant to the agreement’s forum selection clause. Mrs. Sax countered that the arbitration clause was unconscionable, and therefore, unenforceable. In her response, she alleged that: (a) the Flight School Agreement was an adhesion contract and significantly one-sided in favor of ATP; (b) Mr. Sax was unable to review the agreement and consider its ramifications since it was executed three days before his death; (c) the bargaining powers of Mr. Sax and ATP were unequal at the time the agreement was signed; (d) the agreement gave ATP full discretion in deciding whether to arbitrate and mandated that arbitration be held in Jacksonville, Florida, where ATP was headquartered; (e) the agreement contained a choice of law provision requiring application of Georgia law against Florida public policy; and (f) the agreement contained an absolute waiver of liability which unfairly prohibited any claims by Mr. Sax’s descendants.
 

 At the hearing on the motion, ATP argued that the arbitration clause was valid and enforceable under the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-16 (2006), and that Mrs. Sax’s claims regarding enforceability were to be resolved by arbitration in Jacksonville, Florida. The trial court ultimately denied the motion to compel arbitration, concluding that, based on the totality of the circumstances, the Flight School Agreement was unconscionable. The court expressed that it was troubled by the election of Georgia’s substantive law and by the fact that only ATP could compel arbitration under the agreement. The trial court did not rule on the application of the FAA or the forum selection clause.
 

 On appeal, ATP raises a number of issues. We first address whether the FAA governs the parties’ agreement to arbitrate. The FAA applies to arbitration agreements in transactions involving interstate commerce.
 
 Hialeah Auto., LLC v. Basulto,
 
 22 So.3d 586, 589 (Fla. 3d DCA 2009);
 
 see also
 
 9 U.S.C. §§ 1-2;
 
 Perry v. Thomas,
 
 482 U.S. 483, 490, 107 S.Ct. 2520, 96 L.Ed.2d 426 (1987) (noting that the FAA provides for “the enforcement of arbitration agreements within the full reach of the Commerce Clause.”). “Under the FAA, an arbitration agreement in a transaction involving interstate commerce ‘shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.’ ”
 
 Basulto,
 
 22 So.3d at 589 (quoting 9 U.S.C. § 2). ATP argues that the FAA applies on the grounds that: (a) Mr. Sax, a resident of Colorado, traveled to Florida to enroll in ATP’s flight school; (b) airplanes are instrumentalities of interstate commerce; and (c) flying aircraft is federally regulated. The parties executed an arbitration agreement in a transaction involving interstate commerce. Accordingly, we hold that the FAA is applicable to the parties’ arbitration agreement.
 

 We next address whether it is the trial court or the arbitrator who shall decide the validity and enforceability of the arbitration clause where the challenge to enforceability on the grounds of unconsciona-bility is directed to the entire Flight
 
 *251
 
 School Agreement, rather than simply the arbitration clause. In
 
 Manning v. Interfuture Trading, Inc.,
 
 578 So.2d 842, 843 (Fla. 4th DCA 1991), we stated:
 

 The availability of arbitration under the circumstances of this case is compelled by the provisions of the Federal Arbitration Act. 9 U.S.C. § 2. The Act provides that a written agreement to arbitrate “shall be valid, irrevocable, and enforceable” in the absence of grounds for revocation of the agreement.
 
 The issue of whether such grounds exist is for the court rather than for the arbitrator to determine, under section U of the Act.
 
 It has generally been held that where fraud (or some other ground for avoidance) is alleged as to the entire agreement rather than specifically as to the agreement to arbitrate, the entire matter should be resolved by arbitration.
 
 [1]
 

 (emphasis added) (citations omitted);
 
 see also Buckeye Check Cashing, Inc. v. Cardegna,
 
 824 So.2d 228, 230-32 (Fla. 4th DCA 2002) (holding that the trial court erred in denying a motion to compel arbitration where the claimants did not specifically challenge an arbitration agreement on the grounds that they did not enter into the agreement or that the terms of the agreement were invalid);
 
 [2]
 

 Spitz v. Prudential-Bache Sec., Inc.,
 
 502 So.2d 479, 480 (Fla. 4th DCA 1987) (“If ... the court determines that the [claimants’] attack centers on fraud in the inducement going
 
 only
 
 to the arbitration clause, the aggrieved party may demand a jury trial as to that issue.” (emphasis added) (citing 9 U.S.C. § 4));
 
 Shearson/Lehman Bros., Inc. v. Ordonez,
 
 497 So.2d 703, 704 (Fla. 4th DCA 1986) (“[U]nless the arbitration clause in the contract was allegedly induced by fraud, all claims including claims that the entire contract was induced by fraud, must be submitted to arbitration”).
 

 The genesis of these decisions is the United States Supreme Court’s decision in
 
 Prima Paint Corp. v. Flood & Conklin Manufacturing Co.,
 
 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967):
 

 “[I]f the claim is fraud in the inducement of the arbitration clause itself-an issue that goes to the ‘making1 of the agreement to arbitrate-the federal court may proceed to adjudicate it. But the statutory language [of 9 U.S.C. § 4] does not permit the federal court to consider claims of fraud in the inducement of the contract generally.”
 

 Manning,
 
 578 So.2d at 843 (quoting
 
 Prima Paint,
 
 388 U.S. at 403-04, 87 S.Ct. 1801);
 
 see also Nagrampa v. MailCoups, Inc.,
 
 469 F.3d 1257, 1277 (9th Cir.2006) (“[I]f, after examining the crux of the complaint, the district court concludes that the challenge is not to the arbitration provision itself but, rather, to the validity of the entire contract, then the issue of the contract’s validity should be considered by an arbitrator in the first instance.” (citing
 
 Buckeye,
 
 546 U.S. at 444-46, 126 S.Ct.
 
 *252
 
 1204));
 
 [3]
 

 Jenkins v. First Am. Cash Advance of Ga., LLC,
 
 400 F.3d 868, 877 (11th Cir.2005) (“ ‘If ... [the party’s] claims of adhesion, unconscionability, ... and lack of mutuality of obligation pertain to the contract as a whole, and not to the arbitration provision alone, then these issues should be resolved in arbitration.’ ” (quoting
 
 Benoay v. Prudential-Bache Sec., Inc.,
 
 805 F.2d 1437, 1441 (11th Cir.1986))).
 

 As with
 
 Nagrampa,
 
 the Flight School Agreement in this case contains an arbitration clause that clearly and unmistakably grants the arbitration panel the exclusive authority to decide issues relating to the validity and enforceability of the Flight School Agreement as well as the arbitration clause. Therefore, if Mrs. Sax’s claim of unconscionability challenges the entire Flight School Agreement, then the entire case must proceed to arbitration.
 
 See Buckeye,
 
 824 So.2d at 230-32;
 
 Manning,
 
 578 So.2d at 843-45;
 
 Spitz,
 
 502 So.2d at 480;
 
 Shearson/Lehman Bros.,
 
 497 So.2d at 704. On the other hand, if her claim of unconscionability targets
 
 only
 
 the arbitration clause, then the claim must be decided by the court.
 
 See Buckeye,
 
 824 So.2d at 230-32;
 
 Manning,
 
 578 So.2d at 843-45;
 
 Spitz,
 
 502 So.2d at 480;
 
 Shearson/Lehman Bros.,
 
 497 So.2d at 704.
 

 We hold that it is the underlying Flight School Agreement that is under attack. Our conclusion is based on the very grounds asserted to support the claim of unconscionability; to wit: (1) the unequal bargaining power of the parties at the time of execution of the Flight School Agreement; (2) the choice of law provision which was alleged to be contrary to Florida public policy; (3) the one-sided nature of the Flight School Agreement in favor of ATP; and (4) the forum selection clause.
 
 [4]
 
 All of these matters pertain to the relationship of the parties and the creation of the Flight School Agreement, as well as any claims arising therefrom. None of these claims are specifically directed to the arbitration clause. Accordingly, the trial court erred in deciding issues relating to the validity and enforceability of the Flight School Agreement.
 
 [5]
 
 These matters should have been decided by the arbitration panel, not the trial court.
 

 Our decision is also compelled by the recent opinion of the Supreme Court in
 
 Rent-A-Center, West, Inc. v. Jackson,
 
 — U.S.-, 130 S.Ct. 2772, 177 L.Ed.2d 403
 
 *253
 
 (2010). In
 
 Jackson,
 
 the claimant, Antonio Jackson, filed a claim of employment discrimination in the United States District Court.
 
 Id.
 
 at 2775. Jackson’s employer moved to compel arbitration and dismiss his claim on the grounds that Jackson had entered into an agreement to arbitrate all claims, including issues relating to the enforceability of the agreement.
 
 Id.
 
 Jackson countered that the agreement was unconscionable, and therefore, unenforceable under his state’s law.
 
 Id.
 
 The district court held that it was the arbitrator who was to resolve the enforceability issues.
 
 Id.
 
 at 2775-76. Jackson appealed to the Ninth Circuit which reversed the district court’s order, in part.
 
 Id.
 
 at 2776 (citing
 
 Jackson v. Rentr-A-Center West, Inc.,
 
 581 F.3d 912, 920 (9th Cir.2009)). In reversing the court of appeals, the Supreme Court held that arbitration agreements which delegate authority to the arbitrator to resolve disputes relating to enforceability of the agreement are valid under the FAA.
 
 Id.
 
 at 2777-79, 2781. The Court went on to conclude that, unless a claimant specifically challenges the delegation of authority to the arbitrator, any challenge to the validity of the entire arbitration agreement, which the parties have assented to, was subject to arbitration and must be left to the arbitrator to resolve.
 
 Id.
 
 at 2775, 2777-79.
 

 Finally, we address ATP’s request to enforce the forum selection clause. ATP sought enforcement of the forum selection clause in conjunction with its request to enforce the agreement to arbitrate. The trial court never reached this issue. Based upon the record before us, as well as our holding in connection with the arbi-trability of the issue of the validity and enforceability of the Flight School Agreement, the trial court, on remand, shall consider ATP’s request to transfer the proceedings to Jacksonville, Florida, pursuant to the forum selection clause in the Flight School Agreement.
 

 We reverse and remand this case to the trial court for further proceedings consistent with this opinion.
 

 Reversed and Remanded.
 

 WARNER and LEVINE, JJ., concur.
 

 [1]
 

 . 9 U.S.C. § 4 ("A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition ... for an order directing that such arbitration proceed in the manner provided for in such agreement.... [U]pon being satisfied that the making of the agreement for arbitration ... is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.... If the making of the arbitration agreement ... be in issue, the court shall proceed summarily to the trial thereof.").
 

 [2]
 

 . The Florida Supreme Court, in citing the United States Supreme Court’s decision in
 
 Buckeye Check Cashing, Inc. v. Cardegna,
 
 546 U.S. 440, 126 S.Ct. 1204, 163 L.Ed.2d 1038 (2006), has approved of our decision.
 
 Cardegna v. Buckeye Check Cashing, Inc.,
 
 930 So.2d 610, 611 (Fla.2006).
 

 [3]
 

 .In
 
 Nagrampa,
 
 the plaintiff and defendant entered into a franchise agreement which contained a provision requiring the parties to arbitrate "any dispute that arises out of or relates to the franchise agreement.” 469 F.3d at 1265. The plaintiff filed a complaint asserting six causes of action, two of which specifically and exclusively challenged the validity and enforceability of the arbitration provision on grounds of unconscionability.
 
 Id.
 
 at 1264. The issue on appeal was whether the arbitration provision was valid and enforceable under the FAA.
 
 Id.
 
 at 1263. Before addressing this issue, however, the Ninth Circuit determined whether the unconscionability of the arbitration provision was a question for the arbitrator or the court.
 
 Id.
 
 at 1263-64, 1276-77. The Ninth Circuit held that, since the plaintiff’s two causes of action were directed particularly to the arbitration provision, the issue of whether the provision is unconscionable was to be decided by a federal court, not an arbitrator.
 
 Id.
 
 at 1263, 1277.
 

 [4]
 

 . Mrs. Sax presented no evidence or argument denying her husband's assent to the Flight School Agreement. These challenges may make the agreement voidable, but not void.
 
 See Buckeye,
 
 824 So.2d at 231.
 

 [5]
 

 .
 
 See Manning,
 
 578 So.2d at 843-45 (affirming order compelling arbitration even though plaintiff contended that the arbitration clause was unenforceable, because (a) plaintiff's arguments were based on allegations that permeated the entire transaction, rather than only the arbitration clause, and (b) there is a public policy in favor of arbitration clauses in contracts).