WARNER, J.
Appellants challenge the trial court’s order compelling arbitration of their dispute with appellee. While they claim that the record does not support a finding that they entered into the arbitration agreement, without a transcript of the hearing we cannot discern whether appellants demonstrated that a disputed issue of fact existed. See Linden v. Auto Trend, Inc., 923 So.2d 1281, 1283 (Fla. 4th DCA 2006). As to their claim that the agreement is invalid as a matter of public policy, the arbitration agreement provides that any issues regarding its validity shall be determined by the arbitrators. We affirm.
Appellants/plaintiffs are former students of MedVance Institute, a private, for-profit institution owned by appellees providing education in various non-professional medical fields. In October 2010, a group of six original plaintiffs filed a complaint against appellees “for breach of contract, breach of the covenant of good faith and fair dealing, fraud in the inducement; fraudulent misrepresentation, and for violating laws prohibiting misleading advertising ... and unfair and deceptive trade practices.” For the purpose of pleading breach of contract against MedVance, the plaintiffs alleged that they “entered into a binding contract with MedVance.”
MedVance filed a motion to compel arbitration and stay litigation, and served this motion on the plaintiffs. It alleged that “[e]aeh of the Plaintiffs signed a comprehensive Enrollment Agreement with Med-Vance. In the Enrollment Agreement, each Plaintiff agreed to an arbitration provision....” They requested arbitration under the Agreement. A hearing was scheduled for January 21, 2010. Nine days prior to the hearing, appellants filed an amended complaint joining nineteen other plaintiffs. MedVance responded by filing a motion to compel arbitration as to the new plaintiffs, attaching the agreements signed by the new plaintiffs. Med-Vance set the additional motion to compel for the same hearing time as the first one, *145 noting that the enrollment agreements and arbitration clauses were identical in all of the contracts. The appellants filed no written response to either motion to compel arbitration.
The multi-page Enrollment Agreements attached to MedVance’s motion are all signed at the end of the contract and contain an arbitration clause, which states:
Arbitration-Exclusive Remedy: Student and MedVance Institute hereby agree that any dispute, controversy, or claim arising out of or relating to this Enrollment Agreement, its creation, interpretation, or the breach, termination or validity thereof, or any related matter involving Student’s enrollment with or attendance at MedVance Institute, regardless of whether such dispute arises or is made before, during or after Student’s attendance at MedVance Institute, and regardless of whether the dispute or claim is based on contract, tort, statute, regulation, rule or otherwise, shall be governed by Florida law and resolved exclusively and finally by binding arbitration administered by the American Arbitration Association (AAA) under its Commercial Rules, such arbitration to be held in the city in which the MedVance Institute School Student is attending is located. Any decision rendered in such arbitration proceedings will be final and binding on each of the parties, and judgment may be entered thereon in a court of competent jurisdiction. Student understands that the arbitrator shall not award injunctive relief, exemplary, consequential, punitive, incidental or indirect damages, or attorneys’ fees and each party irrevocably waives any such right to obtain such relief or recover such damages.

Arbitration shall be the exclusive remedy; both parties hereby expressly ayreeiny not to sue the other or pursue any dispute or claim in any federal, state, or local court or any other forum. The parties’ obliyation to use binding arbitration as the sole and exclusive means of resolving any and all demands or claims is an independent covenant and shall survive the termination of Student’s attendance at MedVance Institute and continue after the conclusion of Student’s relationship with MedVance Institute.

(emphasis in original). The Enrollment Agreements also include a separate limitation of liability clause, as well as a clause excluding incidental, consequential, and other damages.
The court held the hearing which was not recorded. In its order the court found that the plaintiffs had entered into a contract with MedVance, as set forth in their complaint, which included the arbitration clause. It also noted that the agreements for the nineteen additional plaintiffs were identical to those of the first six plaintiffs. As the plaintiffs did not raise any argument challenging the plain meaning of the arbitration clause, the court compelled arbitration.
In a motion for rehearing, the appellants argued that further evidence needed to be introduced to determine whether the enrollment agreements were valid. With their motion, appellants filed affidavits from the six original plaintiffs in which they alleged that they had no recollection of signing the enrollment agreements. The court denied the motion, and appellants have appealed pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(c)(iv).
“An order granting or denying a motion to compel arbitration is reviewed de novo.” DFC Homes of Fla. v. Lawrence, 8 So.3d 1281, 1282-83 (Fla. 4th DCA 2009) (citing Vacation Beach, Inc. v. Charles Boyd Constr., Inc., 906 So.2d 374, *146 376 (Fla. 5th DCA 2005)). However, “the trial court’s factual findings are reviewed under a competent, substantial evidence standard.” BDO Seidman, LLP v. Bee, 970 So.2d 869, 873-74 (Fla. 4th DCA 2007) (citing Fonte v. AT & T Wireless Servs., Inc., 903 So.2d 1019, 1023 (Fla. 4th DCA 2005)).
Chapter 682, Florida Statutes (2010), governs arbitration in commercial contract cases. Section 682.03 provides that once a party has filed a motion to compel arbitration,
If the court is satisfied that no substantial issue exists as to the making of the agreement or provision, it shall grant the application. If the court shall find that a substantial issue is raised as to the making of the agreement or provision, it shall summarily hear and determine the issue and, according to its determination, shall grant or deny the application.
§ 682.03(1), Fla. Stat. (2010). “[T]here are three elements for courts to consider in ruling on a motion to compel arbitration of a given dispute: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived.” Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla.1999) (citing Terminix Int’l Co., LP v. Ponzio, 693 So.2d 104, 106 (Fla. 5th DCA 1997)). Appellants argue the first element in this issue.
When there is a question of the validity of the arbitration agreement, the court must find that a valid arbitration agreement exists, but “[w]here the evidence is undisputed, no evidentiary hearing is necessary.” Houchins v. King Motor Co. of Fort Lauderdale, Inc., 906 So.2d 325, 329 (Fla. 4th DCA 2005). There are four ways in which a party may demonstrate that there is a disputed issue regarding the making of the agreement: (1) arguments of counsel at a hearing; (2) the filing of a written response in opposition to arbitration; (3) the filing of affidavits; and (4) review of documents furnished by counsel. Linden v. Auto Trend, Inc., 923 So.2d 1281, 1283 (Fla. 4th DCA 2006) (citations omitted).
Here there is no transcript of the proceeding of the hearing on the motion to compel; therefore, we are unable to resolve the factual issues presented to the trial court. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979) (“Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court’s judgment is not supported by the evidence or by an alternative theory.”) Appellants failed to file a written response to the motion, nor does it appear that they offered any other documents to the court to review. While they did proffer some affidavits with their motion for rehearing, the trial court is not compelled to consider evidence proffered for the first time in a motion for rehearing. See Pangilinan v. Broward Cty., 914 So.2d 1094, 1097 (Fla. 4th DCA 2005) (“[A] trial court does not abuse its discretion in determining that a counter-affidavit presented for the first time on rehearing of a summary judgment is too late.”); Willis v. L.W. Foster Sportswear Co., Inc., 352 So.2d 922, 924 (Fla. 2d DCA 1977) (“It is one thing for a court to receive an amended or supplementary affidavit on a motion for rehearing; it is quite another to allow a nonmovant to initially create an issue of fact at this late stage.”). Nor can we consider an issue raised for the first time in a motion for rehearing. See Trinchitella v. D.R.F., Inc., 584 So.2d 35 (Fla. 4th DCA 1991). Thus, this issue has not been preserved for appeal.
*147 Appellants also argue that the court erred in compelling arbitration because the arbitration agreement is invalid on its face due to its limitation on remedies, contrary to public policy. We reject this argument, because the arbitration agreement in this case expressly delegated to the arbitrators the determination of the validity of the agreement. In Rent-A-Center, West, Inc. v. Jackson, — U.S. -, 130 S.Ct. 2772, 177 L.Ed.2d 403 (2010), the Supreme Court addressed a situation in which the plaintiff signed an arbitration agreement which gave the arbitrator “ ‘exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of this Agreement including, but not limited to any claim that all or part of this Agreement is void or voidable.’ ” 130 S.Ct. at 2775. The Court held that unless the plaintiff “challenged the delegation provision specifically, we must treat it as valid ..., leaving any challenge to the validity of the Agreement as a whole for the arbitrator.” Id. at 2779.
This Court analyzed Rent-A-Center in ATP Flight School, LLC v. Sax, 44 So.3d 248 (Fla. 4th DCA 2010), stating:
[T]he Supreme Court held that arbitration agreements which delegate authority to the arbitrator to resolve disputes relating to enforceability of the agreement are valid under the FAA. The Court went on to conclude that, unless a claimant specifically challenges the delegation of authority to the arbitrator, any challenge to the validity of the entire arbitration agreement, which the parties have assented to, was subject to arbitration and must be left to the arbitrator to resolve.
Id. at 253 (internal pin citations to Rent-A-Center omitted). The arbitration provision in this case is similar to the arbitration provision in ATP Flight School; thus, the same result should obtain. The appellants did not challenge the delegation provision itself in the complaint, nor is there a record from which to determine that they challenged it at the hearing. Therefore, Rentr-A-Center requires that the arbitrator determine issues of the validity of the contract.
While appellants have cited us both Shotts v. OP Winter Haven, Inc., — So.3d -, 2011 WL 5864830 (Fla.2011), and Gessa v. Manor Care of Florida, Inc., — So.3d -, 2011 WL 5864823 (Fla.2011), in support of the proposition that the issue of whether an arbitration agreement violates public policy is one for the court and not the arbitrator, in neither of those cases did the arbitration agreement specifically delegate to the arbitrators the determination of the validity of the contract, as the contract did here. Thus, both cases are distinguishable. In this case, with a specific delegation to the arbitrator of the issue of the validity of the contract, Rent-A-Center controls.
We affirm on all remaining issues raised.
DAMOORGIAN and CONNER, JJ., concur.