DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**AT&T SERVICES, INC.,**
**MARK EBY,** and **DINO FARRUGGIO,**
Appellants,

v.

**S&S UTILITIES ENGINEERING, LLC, TONY BEDWELL, ASHLEY CARR, COLLEEN DONAUBAUER, SANJAY KUMAR, JEANINE LAW, RAY LAWRENCE, JAMELIA MAYS, TONY MCCRORY, FRAN SHEPARD, WES SUMMERS, GREG THOMAS** and **MARA THRAILKILL,**
Appellees.

No. 4D20-66

[August 5, 2020]

Appeal of a non-final order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; James L. Martz, Judge; L.T. Case No. 502019CA005644XXXXMBAK.

George S. Lemieux and Megan K. Moon of Gunster, Yoakley & Stewart, P.A., Fort Lauderdale, for appellants.

Steven G. Schwartz of Schwartz Law Group, Boca Raton, for appellee S&S Utilities Engineering, LLC.

PER CURIAM.

AT&T Services, Inc. appeals an order denying its motion to stay litigation and compel arbitration. We reverse because the trial court erred in interpreting the arbitration provisions in the parties' contract as permissive rather than mandatory and in ruling that the claims against AT&T are not arbitrable under the contract.

AT&T contracted with S&S Utilities Engineering, LLC to locate and mark its underground lines and equipment prior to excavation projects. Under the contract, AT&T would pay S&S a unit rate per "locate request" and an hourly rate for labor and equipment. In the event of any damages to AT&T's property as a result of S&S's performance or lack of performance under the contract ("supplier-at-fault damages"), AT&T could either

demand payment from S&S or deduct the damages from the amount it owed to S&S for its services.

The contract contains two arbitration provisions. The first provision, section 4.8, entitled "Dispute Resolution-Arbitration," provides generally that if the parties are unable to resolve a dispute informally or by mediation, then either party "may initiate arbitration" by providing the other party with written notice of its intent to arbitrate. The parties agreed that any arbitration would be held in Dallas, Texas under the Commercial Arbitration Rules of the American Arbitration Association. They acknowledged that the arbitrator's award would be final and binding and that they were "giving up judicial rights to a jury trial, discovery and most grounds for appeal." The second arbitration provision, section 10 of Appendix C, applies specifically to disputes related to supplier-at-fault damages and provides that if the parties are unable to resolve a dispute informally, and the claimed amount is at least $10,000, then either party "may elect to initiate arbitration" pursuant to the "Dispute Resolution-Arbitration" provision of section [4.8].

In the case below, S&S filed a complaint in circuit court alleging, among other things, that AT&T frequently required S&S to investigate damage claims at jobsites where it had not been requested to perform any work and assessed "unilateral, unsupportable, grossly inflated" charges for damages in order to avoid paying S&S for its services. S&S claims it is owed more than $4.5 million in unpaid expenses and more than $1.2 million in improper chargebacks. About two months after S&S filed its complaint, AT&T filed a demand for arbitration seeking more than $1.3 million in unpaid damage claims. It then moved to stay the litigation and compel arbitration of S&S's claims pursuant to the contract.

The trial court denied AT&T's motion. It ruled that S&S, as "first to the well," was entitled to choose between filing a lawsuit and initiating arbitration because the arbitration clauses in the parties' contract provide only that a party "may" initiate arbitration. It also expressed doubt as to whether S&S's claims are arbitrable under the contract. AT&T timely appealed.

We review the trial court's order de novo. *See Best v. Educ. Affiliates*, 82 So. 3d 143, 145-46 (Fla. 4th DCA 2012); *BDO Seidman, LLP v. Bee*, 970 So. 2d 869, 873-74 (Fla. 4th DCA 2007). We apply Texas law pursuant to a choice-of-law provision in the parties' contract. *See Gilman + Ciocia, Inc. v. Wetherald*, 885 So. 2d 900, 902 (Fla. 4th DCA 2004) (recognizing that "Florida courts are obligated to enforce choice-of-law provisions unless a

2

showing is made that the law of the chosen forum contravenes strong public policy or that the clause is otherwise unreasonable or unjust").

We first conclude that the trial court erred in interpreting the arbitration provisions in the parties' contract as permissive rather than mandatory. Arbitration clauses are usually interpreted as mandatory, even if they use the permissive "may," unless they require both parties to consent to arbitration or otherwise make clear that one party can opt for litigation over arbitration. *See In re U.S. Home Corp.*, 236 S.W.3d 761, 765 (Tex. 2007) (interpreting a provision that either party "may request" arbitration as "a binding promise to arbitrate if either party requested it"); *S. Green Builders, LP v. Cleveland*, 558 S.W.3d 251, 256-58 (Tex. Ct. App. 2018) (holding that a provision that any dispute "may be submitted to binding arbitration" constituted a "binding promise to arbitrate if either party requested it"); *Feldman/Matz Interests, L.L.P. v. Settlement Capital Corp.*, 140 S.W.3d 879, 888 (Tex. Ct. App. 2004) (acknowledging that "generally, an agreement to arbitrate is mandatory even though it contains permissive terms such as 'may'" and interpreting a provision that either party "may" submit a dispute to arbitration to mean that "either party has the power to require arbitration"). Here, nothing in the parties' contract suggests that both parties must agree to arbitrate a dispute or that the party who is "first to the well" has a choice between filing a lawsuit and initiating arbitration. Under Texas law, the word "may" in the arbitration provisions means only that either party can initiate arbitration if a dispute cannot be resolved informally; it does not mean that the other party can avoid arbitration once it is initiated.

We also conclude that the trial court erred to the extent it denied the motion because S&S's claims against AT&T are not arbitrable under the contract. The parties delegated any questions of arbitrability to the arbitrator by agreeing to arbitrate under the Commercial Arbitration Rules of the American Arbitration Association. *See Schlumberger Tech. Corp. v. Baker Hughes Inc.*, 355 S.W.3d 791, 802 (Tex. Ct. App. 2011).

We therefore reverse the court's order and remand with instructions to stay the litigation and compel arbitration.

*Reversed and remanded.*

WARNER, DAMOORGIAN and FORST, JJ., concur.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**

3