IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

MATTAMY FLORIDA LLC, A DELAWARE
LIMITED LIABILITY COMPANY,
SUCCESSOR BY CONVERSION TO
MATTAMY (JACKSONVILLE) PARTNERSHIP,
A FLORIDA GENERAL PARTNERSHIP,

     Appellant,

 v.

                                    Case No.  5D21-565
                                    LT Case No. 2020-CA-001506
                                    ==CORRECTED==

RESERVE AT LOCH LAKE HOMEOWNERS
ASSOCIATION, INC., A FLORIDA NOT FOR
PROFIT CORPORATION,

     Appellee.

_____/

Opinion filed May 6, 2022

Nonfinal Appeal from the Circuit
Court for Seminole County,
Donna L. McIntosh, Judge.

Adam R. Alaee, C. David Harper, and
S. Nicole Burt, of Foley & Lardner
LLP, Tampa, for Appellant.

Robyn Marie Severs, of Becker &
Poliakoff, P.A., Orlando, for Appellee.

SASSO, J.

Appellant, Mattamy Florida, LLC ("Mattamy"), seeks review of the trial court's nonfinal order denying its Motion to Dismiss or Stay and Compel Arbitration. Mattamy argues the trial court erred in denying its motion because the appellee, Reserve at Loch Lake Homeowners Association, Inc. (the "Homeowners Association"), was required to address its claims through arbitration. We affirm because, under the specific circumstances of this case, Mattamy failed to meet its burden in demonstrating an enforceable agreement to arbitrate exists.

On June 22, 2020, the Homeowners Association filed a five-count complaint against Mattamy, all of which were predicated on a common allegation that Mattamy and its subcontractors failed to reasonably and adequately plan, develop, design and/or construct the Reserve at Loch Lake Community. The Homeowners Association's complaint, while referencing warranties, did not reference or attach any express warranties nor did it attach to the complaint any purchase agreements between Mattamy and homeowners.

Mattamy responded to the complaint with a motion to dismiss and compel arbitration. The motion provided background and argument as

presented by counsel and alleged, generally, that Mattamy sold the townhomes pursuant to a Home Purchase Agreement (collectively the "Agreements"). In support, Mattamy attached a single purchase agreement as "an exemplary copy." Mattamy also alleged "a limited warranty was provided for the Home" and attached a single copy of the referenced warranty. Relevant to the disposition of this appeal, Mattamy did not attach any affidavits to its motion, and its motion did not specify to which homeowners the purchase agreement applied, did not allege whether all homeowners were original purchasers, and did not attempt to explain how any non-signatories to the purchase agreements were bound by the arbitration provisions contained therein.

In response, the Homeowners Association highlighted gaps in Mattamy's motion to compel. Specifically, the Homeowners Association noted there was no evidence before the trial court demonstrating that all homeowners in the community signed an agreement similar to the single agreement attached to Mattamy's motion. In support, the Homeowners Association attached an affidavit from its Board President, who alleged that the Homeowners Association had never provided agreements for all 114 townhomes in the Loch Lake Community, that the Homeowners Association did not know how many, if any, of its homeowners have agreements or

3

limited warranties with arbitration provisions, and that, if homeowners did have such agreements, the Homeowners Association did not know the substance of those agreements or warranties.

Thereafter, the Homeowners Association filed a notice of hearing that was set to take place on March 4, 2021. However, on February 1, 2021, before the hearing could occur, the trial court entered an unelaborated order denying Mattamy's motion to arbitrate.

After the trial court entered its order denying the motion to arbitrate, Mattamy filed a request for judicial notice and filed 98 home purchase agreements. Mattamy also filed a motion for reconsideration, but that motion did not present argument challenging the trial court's decision to dispose of the motion before a hearing.

On appeal, and as it did below, Mattamy presents various legal arguments that the Homeowners Association is required to arbitrate its claim due to the underlying purchase agreements and limited warranties binding on the homeowners that comprise the Homeowners Association. However, we do not reach that issue because we ultimately conclude that Mattamy failed to meet its burden of demonstrating the threshold issue of whether any of the Homeowners Association's members are, in fact, bound by the arbitration clauses, either as signatories or non-signatories.

4

It is well-settled that the party seeking enforcement of an agreement has the burden of establishing the existence of an enforceable agreement. *See, e.g.*, *Palm Garden of Healthcare Holdings, LLC v. Haydu*, 209 So. 3d 636, 638–39 (Fla. 5th DCA 2017). Here, Mattamy submitted its motion, unsupported by affidavits and with only a single purchase agreement and accompanying warranties attached. This left several factual questions unaddressed and Mattamy's position supported only by argument of counsel as presented in its initial motion to dismiss. And while it appears Mattamy attempted to supply evidentiary support after its motion was denied, the trial court was not required to consider the filing. *See, e.g.*, *Best v. Educ. Affiliates, Inc.*, 82 So. 3d 143, 146 (Fla. 4th DCA 2012) (holding trial court was not required to consider affidavits opposing a motion to compel arbitration which were presented for the first time with motion for rehearing).

While this opinion should not be read to suggest that an affidavit and/or supporting documentation is always required in order for a party seeking to compel arbitration to satisfy its burden, Mattamy's filings were insufficient to meet its burden in this case. Accordingly, we affirm.

AFFIRMED.

WALLIS and HARRIS, JJ., concur.

5