# Third District Court of Appeal

## State of Florida

Opinion filed July 10, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1121
Lower Tribunal No. 22-5838
_____

**South Miami Pharmacy, Inc., etc.,**
Appellant,

vs.

**OptumRx, etc.,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Ariana Fajardo Orshan, Judge.

Hoyer Law Group and Sean Estes (Tampa), for appellant.

Akerman LLP, Kristen M. Fiore (Tallahassee), Alexandra M. Mora, Ndifreke U. Uwem, Gibson Dunn & Crutcher, LLP, and Michael J. Holecek (Los Angeles, CA), for appellee.

Before MILLER, LOBREE, and BOKOR, JJ.

PER CURIAM.

Affirmed. See OptumRx v. King's Drugs, Inc., 385 So. 3d 201, 207 (Fla. 2d DCA 2024); see also Briceno v. Sprint Spectrum, L.P., 911 So. 2d 176, 179 (Fla. 3d DCA 2005) (affirming motion to compel arbitration under Kansas state law, noting "Florida courts 'will generally enforce choice-of-law provisions unless the law of the chosen forum contravenes strong public policy'") (internal quotations omitted) (quoting Walls v. Quick & Reilly, Inc., 824 So. 2d 1016, 1018 (Fla. 5th DCA 2002)); Jensen v. Rice, 809 So. 2d 895, 898–99 (Fla. 3d DCA 2002) (determining "Florida courts must enforce arbitration agreements that are valid and enforceable under the Federal Arbitration Act, even where . . . the arbitration agreement would not be enforceable under Florida Law" "because it provides for arbitration in a foreign jurisdiction (New York) and under the laws of another state (Delaware)"); ATP Flight Sch., LLC v. Sax, 44 So. 3d 248, 252 (Fla. 4th DCA 2010) (holding issues of validity and enforceability of arbitration clause was for arbitrator, and not trial court, to resolve).